JOHN WESLEY LOWERY V. NATHANIEL BERRY ET UX

No. A-4634. Decided June 30, 1954.
Rehearing overruled July 21, 1954.
(269 S.W. 2d Series 795)

412

*Thompson, Knight, Wright & Simmons, Pinkney Grissom* and *Timothy E. Kelley,* of Dallas, for petitioner.

*Chaney, Davenport & Harless* and *Fred S. Harless,* of Dallas, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Respondents, Nathaniel Berry and wife, brought this suit for themselves and as next friend for Bobbie Jean Jackson, a three-year-old girl, for injuries sustained by her when she was run over by an automobile driven by petitioner. Respondents were authorized to bring the suit by an assignment to them of all rights of the natural parents of the child. The assignment was attached to their petition. In answer to special issues the jury

found that petitioner failed to keep a proper lookout, which was a proximate cause of the child's injuries; that respondents, the Berrys, were negligent in allowing the child to go into the street, and that this was a proximate cause, though not the sole proximate cause, of her injuries; and that $1,278.85 would compensate the Berrys for medical expenses incurred by them as a result of the child's injuries. In answer to an issue inquiring what sum of money, if any, paid in cash would fairly and reasonably compensate the child for her diminished capacity, if any, to work and earn money after she would reach the age of twenty-one years, for her disfigurement, if any, and for her physical pain, if any, and mental suffering, if any, in the past and in the future resulting directly and proximately from injuries sustained by her on the occasion in question, the jury answered "None." Upon the verdict, in response to a motion by petitioner, the trial court rendered judgment that respondents take nothing, either in their individual capacities or as next friend for the child. The Court of Civil Appeals, as we construe its opinion, held that under the verdict the trial court properly rendered judgment that the Berrys take nothing for themselves, but erred in rendering judgment that as next friend they should take nothing. Based upon such holding it reversed and remanded the cause in its entirety. 266 S.W. 2d 917.

We granted the application for writ of error upon the tentative view that the judgment of the trial court should have been affirmed as to the Berrys and reversed and remanded only as to the child. Upon mature consideration of the case after submission we are confirmed in that view.

■ The injuries suffered by the child were unquestionably very serious. According to the physician who treated her she received multiple fractures of the skull and the skin and tissues of the left side of her head were so severely torn that that part of her skull was laid bare. The answer of the jury that she suffered no damages is not only unsupported by any evidence, but is directly contrary to all the evidence. The mental processes by which the jury arrived at that conclusion need not be recited. The undisputed facts disclosed that she did suffer damages, and the Court of Civil Appeals properly held, citing Rule 328, T.R.C.P., that the answer of the jury to the issue submitting her damages should be disregarded. The assignment from the natural parents to the Berrys had no relevancy to the question of whether the child had sustained damages.

■ For some reason the attorneys representing the Berrys filed a motion in the trial court for judgment on the verdict. They

probably were of the opinion that under the verdict the Berrys could recover the amount found by the jury as medical expenses incurred by them, and were willing to waive the rights of the child for that recovery. The trial court properly ruled that the Berrys were cut off fom such recovey by the finding of contributory negligence on their part. We cannot sustain the contention that by the filing of that motion the rights of the child were effectively waived. Neither the next friend nor the parent of a minor child is authorized to agree to a judgment which throws away its substantial rights. The jury had found that petitioner's negligence was the proximate cause of the injuries sustained by the child. With that finding in her favor, and the evidence showing conclusively that her injuries were substantial, the attorneys had no authority to waive her right to recover compensation therefor. Missouri-Kansas-Texas Ry. Co. v. Pluto, 138 Texas 1, 156 S.W. 2d 265; Greathouse v. Fort Worth and Denver City Ry. Co., 65 S.W. 2d 762; 23 Tex. Jur., 760, Sec. 64, and authorities there cited.

■ The trial court properly entered judgment that the Berrys in their individual capacities take nothing. The finding by the jury that the Berrys' own negligence proximately caused the injuries to the child barred them from any recovery whatever. It is the position of the Berrys that they are entitled to recover notwithstanding their own negligence. Their position, as we understand it, is that because of the assignment they are suing on the parents' cause of action; that the parents were not guilty of negligence and are not barred from recovering damages, and that they, the Berrys, are entitled to recover the amount which the parents would have been entitled to recover had they brought the suit themselves. The answer to that contention is that the parents had no cause of action. They incurred no medical bills. The child had been living with the Berrys for two years prior to receiving her injuries. Regardless of whether the parents had abandoned her, it is conclusive that they had left her in the custody of the Berrys, and, since she was injured through the negligence of the Berrys, the parents could not recover. The negligence of the Berrys was in law the negligence of the parents also.

■ In so far as the Court of Civil Appeals reversed and remanded the case for another trial as between the child suing by next friend and the petitioner, its judgment will be affirmed. But we can perceive no reason why that portion of the judgment of the trial court denying recovery to the Berrys should be re-

versed. The cause of action asserted by them is entirely severable from that asserted in behalf of the child. They had one trial of their case and no error of law was committed against them. Why should they have another? The finding of the jury which barred their recovery was that their own negligence contributed to the injuries. Their negligence is no defense to the child's cause of action. The two causes of action are separate and distinct. It is our view that as to the Berrys the judgment of the trial court denying them any recovery should be affirmed, and that that portion of the judgment of the Court of Civil Appeals reversing and remanding the case as between them and the petitioner should be reversed. Rule 503, T.R.C.P.; International Brotherhood of Boiler Makers v. Huval, 140 Texas 21, 166 S.W. 2d 107; Pennell v. United Insurance Company, 150 Texas 541, 243 S.W. 2d 572.

In so far as the judgment of the Court of Civil Appeals reversed the trial court's judgment that respondents as next friend for the minor take nothing and remanded the case for a new trial as between those parties, it is affirmed. In so far as it reversed and remanded the case for a new trial as between respondents individually and petitioner, it is reversed, and the judgment of the trial court in that respect is affirmed. Judgments of both courts below are affirmed in part and reversed in part, and the case is remanded to the trial court for retrial of the cause of action asserted in behalf of the child.

Costs of appeal are taxed one-half against petitioner and one-half against respondent Nathaniel Berry.

Opinion delivered June 30, 1954.

Rehearing overruled July 21, 1954.