Oscar T. **STAFFORD**, Appellant,

v.

Donald John **HARDI**, et al., Appellees.

No. 17581.

Court of Civil Appeals of Texas, Dallas.

Feb. 26, 1971.

Rehearing Denied March 19, 1971.

M. M. Wade, Bonney, Wade & Stripling, Dallas, for appellant.

R. B. Cousins, Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellees.

BATEMAN, Justice.

This is an automobile collision damage suit. The appellant Oscar T. Stafford was sitting in his automobile, which was stopped at an intersection, when a truck driven by the appellee Donald John Hardi struck it from the rear. The jury acquitted Hardi of all counts of negligence and found Stafford's damages to be $12,000. His motion designated as a motion for judgment notwithstanding the verdict was overruled and judgment rendered that he take nothing.

The first point of error on appeal says the trial court erred in overruling Stafford's motion for judgment *non obstante veredicto*. This motion was based on the premise that, contrary to the jury findings, Hardi's negligence was established as a matter of law. (The matter of proximate cause was not mentioned.)

Hardi in his brief questions whether this was a true motion for judgment *non obstante veredicto* and says it should have been called a motion to disregard fact findings by the jury. Rule 301, Vernon's Texas Rules of Civil Procedure, provides for both such motions; the first to be granted only when a directed verdict would have been proper, and the other only when the particular jury finding has no support in the evidence.

Regardless of which label would be proper for this motion, it was in our opinion properly overruled.

Stafford does not even contend that he was entitled to a directed verdict, and on the trial he did not move for one. This is understandable, for without question the evidence raised issues of fact concerning the alleged culpability of Hardi's conduct preceding the collision; and this would especially and necessarily be true of the issue on damages. Moreover, considered as a motion to disregard jury findings, it was not well taken for it could not be said

that there was no evidence to support the findings. The first point of error is therefore overruled.

Stafford's Points of Error Nos. 2, 3, 4 and 5 assail the findings in response to Special Issues Nos. 1, 3, 5 and 10 as being so contrary to the great weight and preponderance of the evidence as to be clearly wrong. These issues involved the questions of Hardi's lookout, speed and application of brakes, and whether the occurrence was the result of an unavoidable accident. As stated, all of these findings were favorable to Hardi.

There was no substantial dispute as to the facts. The day was in late December, 1968. The weather was foggy and drizzling. Both vehicles were headed in the same direction on a wet, paved street in Dallas. Stafford was stopped at an intersection, awaiting an opportunity to turn left. Hardi had two or more boys with him on the seat of the truck. He was having trouble seeing because his windshield was "fogging up" and he attempted to wipe it clear with a rag while moving at about 25 miles per hour. He was about 50 feet behind Stafford's car when he first saw it, whereupon he applied the brakes and attempted to turn the truck to the right. This locked his wheels and the truck skidded on the wet pavement into Stafford's car.

The triers of the facts were in a better position to answer these issues than are we. They did not find that Hardi kept a proper lookout, or that he was not driving too fast, or that he did not fail to make proper application of his brakes. They merely declined to find from a preponderance of the evidence that Hardi did not keep a proper lookout, that he was driving at a greater rate of speed than a person of ordinary prudence would have driven under the same or similar circumstances, or that he failed to make timely application of his brakes. These findings merely mean that Stafford failed to carry his burden of proving these alleged acts of negligence. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup.1966). We cannot say that the answers to these four special issues were so against the weight and preponderance of the evidence as to be manifestly wrong. These points of error are accordingly overruled.

Affirmed.