**Lela N. CLARK and L. Berl Clark, Appellants,**

v.

**Viola Keeton BREWER, Appellee.**

**No. 614.**

Court of Civil Appeals of Texas, Corpus Christi.

July 29, 1971.

Rehearing Denied Oct. 7, 1971.

Charles R. Cunningham, Corpus Christi, for appellants.

Allison, Maddin, White & Brin, Ronald B. Brin, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a rear-end collision case involving a claim for personal injuries and automobile damages suffered by the plaintiffs. The case was tried before a jury. The jury found that the defendant was negligent in failing to keep a proper lookout and in failing to make a proper application of her brakes, such failures, both being proximate causes of the collision in question. The jury refused to find the plaintiffs contributorily negligent. Judgment was entered in favor of the plaintiffs for $241.11 automobile damages and in the amount of $1256.62 for particular medical and personal injury damages. The plaintiffs, nevertheless, appeal, contending that the damages were inadequate as a matter of law and fact.

Plaintiffs' points of error are in three general categories: First, that the jury's award of $456.62 for specific past medical and hospital expenses in the treatment of plaintiff Lela N. Clark's injuries was wrong because the undisputed evidence and/or the great weight and preponderance

of the evidence was that such damages were over twice the amount that was found by the jury. Second, that the jury's answer of "Zero" dollars to a number of specific special issues was contrary to the great weight and preponderance of the evidence. And third, that the jury's answers of $200.00 and $100.00 respectively for past physical pain and suffering and for past mental pain and suffering was wrong because the uncontradicted evidence and/or the great weight and preponderance of the evidence was that Mrs. Clark's damages were far in excess of these amounts. We agree with the first two general categories of error thereby reversing the judgment of the trial court and remanding the case for new trial.

The plaintiffs' automobile approached the intersection of Gollihar and Airline Boulevard in the City of Corpus Christi, and stopped in obedience to a traffic light. A moment or two later the defendant rear-ended the plaintiffs' automobile, causing it to instantaneously move forward. Mr. Clark was driving the vehicle and was not injured. Mrs. Clark, sitting in the passenger side in the front seat sustained a whiplash type injury. The speed of the defendant's vehicle was 9.54 miles per hour according to reconstruction expert and less than 15 miles per hour according to appellee. The impact was sufficient to cause damages to plaintiffs' vehicle in the amount of $244.11.

Mrs. Clark was taken by ambulance to the hospital where she was admitted for treatment. The treating physician, Dr. James L. Barnard, diagnosed her injury as cervical myositis (whiplash) and multiple contusions. She complained of numbness in her right leg and pain to her back and neck. She was put to bed in the hospital with bed boards under the mattress and cervical pillows for her head and neck. She was released from the hospital after two days of treatment. She was fitted with a cervical collar and given drugs for the relief of pain. The treating physician,

Dr. Barnard, observed muscle spasms in Mrs. Clark's neck which indicated to him that she was experiencing pain.

Mrs. Clark returned to her teaching position at an Indian reservation in Fort Defiance, Arizona. There were no medical facilities available at the reservation for treatment of Mrs. Clark. The nearest town was Gallup, New Mexico, which was 32 miles away. There were no orthopedic or neurosurgeons there, nor were there any physical therapists in Gallup. She sought help from Dr. L. D. Jarnigan, a Chiropractor. He testified by deposition that she had come to him for treatment about twelve times. Later she saw an osteopath in Gallup. He treated her for pain to her neck, her upper back, and for headaches. He testified she had moderate muscle spasm in the neck and upper back. He prescribed pain medicines for her headaches. She returned to Corpus Christi to her original treatment physician, Dr. Barnard, at the end of the school year. This doctor testified that she still had a neck spasm that was as bad as the year before while she was in the hospital. He testified that he did not believe that she had shown any improvement. He took additional x-rays which confirmed his original diagnosis.

Dr. Barnard referred Mrs. Clark to a therapist. He gave her several treatments while she was in Corpus Christi. Dr. Barnard suggested that when Mrs. Clark went back to Fort Defiance, that she seek out an orthopedic surgeon in Albuquerque, New Mexico (180 miles away) for additional help. She visited with such a doctor, who confirmed the general type of injury she had received. He prescribed certain anti-inflammatory medication and a home cervical traction device. She used the device for several months and took muscle relaxant medication. About six months later Mrs. Clark returned to Corpus Christi to her original physician, Dr. Barnard. This time he advised her to see a specialist, a local neurosurgeon. This doctor (Dr. Joseph G. Klotz) was called

to the stand by defendant. Dr. Klotz, although not positive as to the extent of Mrs. Clark's injuries, stated that in his opinion Mrs. Clark should (in the future), have therapy treatments from a physiotherapist for three to six weeks and during such time that she was being treated, she should not be permitted to do anything.

The appellants' first point of error is that the jury's answer of $456.62 for past medical and hospital expenses is wrong as a matter of law; that the damages proved were $1135.67 or that the amount found by the jury is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust and must not be sustained. The appellants' expenses in this regard covered twelve separate items of medical expenses and six separate items of travel expenses in connection with medical treatment. The actual medical expenses added up to $778.-87 and the travel expenses to $356.80. We have examined each exhibit introduced into evidence. They substantiate these expenditures. None were objected to. There was no evidence that such expenditures were improperly incurred. Over half of the $1100.00 worth of expenditures were proved conclusively. In each of such instances the appellants asked the witness whether or not the expenses were incurred; whether or not they were incurred in connection with the treatment of Mrs. Clark's injuries as a result of the accident in question; whether the amount represented by the exhibit was reasonable; and whether the service or treatment was necessary. The answers were yes. Several of the expenditures were stipulated to by defendant as being correct, reasonable and necessary. Some of the items were proved up by appellee's own witnesses.

The amount of damages is ordinarily left to the sound discretion of the jury to determine from a preponderance of the evidence the amount of money that would fairly and reasonably compensate the injured party. Bolen v. Timmons, 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966).

The jury in considering the evidence, cannot ignore the undisputed facts and arbitrarily fix an amount that is neither authorized nor supported by the evidence. We are unable to take any group of specific figures and come up with the figure found by the jury. The defendant-appellee does not suggest any such figure. The verdict, therefore, in this respect, is wrong under the evidence. The trial court should have granted a new trial. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954); Rule 328, T.R.C.P.; Downing v. Uniroyal, Inc., 451 S.W.2d 279 (Tex.Civ.App.—Dallas 1970).

Appellants' second and third points are that the jury was unwarranted in answering zero in connection with the damage issue as to Mrs. Clark's reduced capacity to perform the services of a housewife, both in the past and in the future because the uncontradicted evidence established conclusively and as a matter of law, or in the alternative, the finding of zero is so against the great weight and preponderance of the evidence as to be clearly wrong, unjust and based on something other than the evidence in the case. These points must also be sustained.

Mrs. Clark, as well as her husband, testified without contradiction, that her capacity to do housework was substantially reduced. She testified about her inability to do housework without considerable pain and without some maid service to assist her. Her husband testified that he was required to help her do the heavy work, the dishwashing, and so forth.

The appellants, Mr. and Mrs. Clark, are of course, interested parties. As such their testimony standing alone, does little more than raise a fact issue for a determination by the jury. Allen v. Compton, 461 S.W.2d 143 (Tex.Civ.App.—Dallas 1970, n. w. h.). There was no testimony, however, that tended to contradict the plaintiffs' story. In addition, Mrs. Clark's inability to do work was corroborated by the testimony of Dr. Barnard, the

treating physician. He testified that she was physically impaired between ten and fifteen percent. This impairment would be permanent he said, "for the rest of her life." He testified specifically that her ability to do her housework would be diminished by at least ten to fifteen percent. There was no evidence by any witness to support the jury's answer in connection with the two damage issues inquiring separately as to: "the amount of money do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiffs for Mrs. Clark's reduced capacity to perform the services as a housewife in the past (and in the future) * * *." "Answer '$ 0 '." Even the appellee's own witness, Dr. Klotz, testified that she would require physical therapy treatment for three to six weeks in the future during such time she was to be totally immobilized. We hold that the jury's answers in connection with these issues are wrong. Appellants' points must be sustained. The overwhelming weight and preponderance of the evidence supports appellants' contention in this regard. Gallegos v. Clegg, 417 S.W.2d 347 (Tex.Civ. App.—Corpus Christi 1967, n. r. e.) and authorities cited therein; Allen v. Compton, supra; see also Taylor v. Head, 414 S.W.2d 542 (Tex.Civ.App.—Texarkana 1967, n. r. e.).

Appellants' fourth and fifth points concern future medical and hospital expenses and future pain and suffering, both of which were also answered "$ 0" by the jury. Her treating physician testified that Mrs. Clark would require future medical treatment; he testified that her injuries were permanent and that she would require some physical treatment for the rest of her life. There was a discrepancy between the plaintiffs' physician's testimony as to the amount of future medical expenses required (Dr. Barnard $150.00–$200.00 per year) as compared to by appellee's specialists' requirements (Dr. Klotz—$90.00–$180.00). However, they both testified as to the need for some future medical treatment that would incur some future medical expense. As such, the jury was unwarranted in disregarding the undisputed testimony by answering "$ 0" as to future medical and hospital expenses. Edmondson v. Keller, 401 S.W.2d 718 (Tex.Civ. App.—Austin 1966).

The jury awarded Mrs. Clark $500.00 for future mental pain and suffering but refused to award her any money for future physical pain and suffering. This was inconsistent with the testimony of both Mrs. Clark and her doctors. There was no evidence that she was not suffering any physical pain. It is inconceivable to us that the jury would find that she would suffer future mental pain in the amount of $500.00, but would not suffer any future physical pain in light of the great weight of evidence before them. These points are sustained.

Appellants' third group of points are in connection with the inadequate amount of damages awarded by the jury on other specific damage issues. These points need not be considered by us in view of our ordering of a new trial. Appellants' last point of error concerns the refusal of the trial court to permit the reading of the entire deposition of one of the doctors. The doctor had testified fully in person. Thereafter, appellants offered the entire testimony that had been taken by deposition at an earlier time. The appellants did not make a proper bill of exception, outlining the particular evidence from the deposition that they wished to offer. The refusal by the trial court under these circumstances, was not reversible error. Rule 434, T.R.C.P. See 57 Tex.Jur.2d 487; 3 Tex.Jur.2d 674; and Texas General Indemnity Co. v. Ellis, 421 S.W.2d 467 (Tex. Civ.App.—Tyler 1967).

Judgment of the trial court is reversed and the case is remanded for a new trial.

Reversed and remanded.

SHARPE, J., not participating.