Otis HEAD et al., Appellants,

v.

J. B. COLEMAN, Appellee.

No. 5045.

Court of Civil Appeals of Texas,
Waco.

Aug. 26, 1971.

Rehearing Denied Sept. 16, 1971.

Mullinax, Wells, Mauzy & Collins, Dallas, for appellants.

John H. Marks, Dallas, for appellee.

OPINION

HALL, Justice.

A 1960 passenger car driven by Mrs. Otis Head, and a 1964 pickup operated by appellee, J. B. Coleman, collided at a con-

trolled intersection. Appellant Otis Head, joined by his wife, and as next friend for their minor sons Robbie Allen Head and Tony Lee Head, brought this action seeking compensation for personal injuries allegedly suffered by Mrs. Head and the children as a result of the collision, for their medical expenses, and for property damage. Trial to a jury resulted in a judgment on the verdict "that plaintiffs and each of them take nothing."

The undisputed facts show that the collision occurred on September 2, 1969, at the intersection of U.S. Highway 67 and Farm Road 1382 in Dallas County. Mrs. Head was driving her vehicle north on Highway 67. Mr. Coleman was headed east on the Farm Road. He faced a stop sign at the intersection. The time of the collision was about 9:20 A.M. The day was clear and the roadways were dry. Highway 67 provided one lane for traffic going north, and one lane for traffic traveling south. Each lane was approximately 30 feet wide. On either side of the highway was a paved shoulder approximately 18 feet in width. The point of impact was in the southeast quadrant of the intersection.

The jury convicted Mr. Coleman of negligent acts which it determined were proximate causes of the collision. Answering other special issues numbered as follows, the jury found (11) that Mrs. Head "was driving at a greater rate of speed than a person using ordinary care would have driven," and (12) that this act was a proximate cause of the collision but (17) not the sole proximate cause; (21c) that the reasonable expenses of Mrs. Head's necessary medical care in the past were $750, but that fair compensation for (21a) her physical pain and mental anguish in the past, and (21b) her physical pain and mental anguish in the future, and (21e) loss of her services in the home in the past, and (21f) loss of her capacity to work in the future, was "none" in each instance. Additionally, the jury found that the reasonable expenses for necessary medical care received by each of the boys "for treatment of his in-

juries" as a result of the collision were (22) $150 for Robbie Allen Head and (24) $100 for Tony Lee Head, but that the fair compensation for each boy for his physical pain and mental anguish in the past was (23) and (25) "none."

Appellants base this appeal on fourteen points of error contending that there is no evidence to support the jury findings numbered (11), (12), (21a), (21b), (21e), (23), and (25); and that findings numbered (11), (12), (21a), (21b), (21f), (23), and (25) are against the "overwhelming preponderance of the evidence." We affirm in part, and reverse and remand in part.

A proper testing of appellants' "no evidence" points requires that we accept the evidence and the inferences therefrom in a light most favorable to the jury findings, and reject all contrary evidence and inferences. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1952); Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 61 (1953). Viewed in this light, the record shows that Mr. Coleman stopped in obedience to the stop sign; that he "looked right, looked left, and started up;" that Highway 67 slopes downward as it approaches the intersection with Farm Road 1382; that the posted speed limit on Highway 67 at the intersection is 60 miles per hour; that Coleman "didn't see anything on the highway" when he looked south; that there were no other vehicles in the vicinity of the intersection; that he accelerated to a speed of "about 15" miles per hour "maybe, if it was that much," "not more than 15 miles an hour," perhaps 12 or 13 miles per hour, as he crossed the intersection; that he traveled at least 78 feet beyond the stop sign before reaching the point of impact; that he saw Mrs. Head's vehicle to his right immediately before impact and applied his brakes; that his vehicle "slid about seven or eight feet;" that Coleman was stopped at the time of collision; that the front of his pickup was at or slightly on the shoulder on the east side of Highway 67 at the time of impact; that the left

side of Mrs. Head's automobile, at the door, struck the right front of Coleman's pickup, damaging "the right front end and across the grill;" that Coleman's vehicle "slid just a little bit sideways" to the north as a result of the collision; that after impact Mrs. Head's car "glanced off and went on down and off the right-hand side of the road, going north;" that the Head automobile sustained heavy damage to its left side as a result of the collision; that Highway 67 in this area is "travel polished" from use, and is slick; that Mrs. Head's vehicle "laid down" 99 feet of skid marks before impact and 144 feet of "a swerving type" of skid marks after the accident; that both Coleman and Mrs. Head were familiar with the intersection in question before this accident; that Mrs. Head had a continuously unobstructed view of the intersection for at least one-quarter of a mile while approaching it; that Mrs. Head saw Coleman's pickup before it reached the stop sign; that it would have taken Coleman "a little over five seconds" to drive from the stop sign to the point of impact; that if Mrs. Head had been traveling 60 miles per hour she would have been 440 feet away from the point of collision when Coleman committed himself to the intersection by leaving the stop sign; that, considering reaction time and braking time, at 60 miles per hour Mrs. Head could have stopped within 300 feet on the roadway in question.

■ Negligence and causation may be established by circumstantial as well as direct evidence. 40 Tex.Jur.2d 693, Negligence, Sec. 157.

■ Disregarding the other evidence in support of the jury findings, the force of the impact which caused substantial damage to both vehicles and the length of the skid marks made on dry pavement by Mrs. Head's automobile both before and after the collision are facts from which the jury could reasonably infer that Mrs. Head was traveling at an excessive rate of speed when she applied the brakes of her vehicle.

Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273, 276 (1958).

"It is a common, perhaps universal, experience that a driver may be required to slow down, or stop, or change the course of his vehicle to avoid other traffic at intersections, regardless of traffic controls or the statutory right of precedence at the intersection." Babb v. Young (Tex.Civ. App., 1961, no writ hist.), 348 S.W.2d 660, 662. Under the evidence, the jury could have properly determined that the speed of Mrs. Head's vehicle prevented her from taking reasonably available evasive action to avoid collision with the Coleman pickup.

We hold that the evidence is legally sufficient to support the jury's answers to special issues (11) and (12), convicting Mrs. Head of negligence that proximately caused the collision. Moreover, a careful review of the entire record convinces us that those findings are not against the great weight and preponderance of the evidence.

■ In an action of this nature, a plaintiff's contributory negligence proximately causing injury is a bar to recovery against the defendant, and thereby renders questions of the plaintiff's damages immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939); Parrott v. Garcia (Tex.Sup., 1969), 436 S. W.2d 897, 901. Therefore, because the jury's findings convicting Mrs. Head of contributory negligence that proximately caused the collision and resulting injuries are legally and factually supported by the evidence, Mr. and Mrs. Head are precluded from recovering any damages, including medical expenses incurred by them as a result of injuries to their children, Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795, 797 (1954); and the answers to the issues regarding damages to them are rendered immaterial. Their complaints to those answers are overruled.

■ However, the cause of action asserted by Mr. and Mrs. Head is separate

and distinct from those asserted in behalf of the children, and is entirely severable therefrom. Mrs. Head's negligence is no defense to the children's causes of action. Lowery v. Berry, supra. We must, therefore, decide whether findings (23) and (25), that neither child should receive compensation for past physical pain and mental anguish, are against the great weight and preponderance of the evidence.

Tony Lee Head was four years of age at the time of the collision. He suffered a "ragged laceration" below his left shoulder blade. Eight sutures were required to close the wound. Robbie Allen Head was two months old at the time of the accident. He was examined by a general practitioner on the second day after the collision and she "checked him over and he seemed okay." However, his mother testified that his back bothered him after the accident; that "when you pick him up, he kind of flinches in his back;" and that "some days he cries day and night continuously." An orthopedic surgeon who examined Robbie Allen in early November, 1969, testified that "I noticed that when I went to pick him up his back would stiffen like a board and also his legs, and when I tried to pick him up, he would come up like a board on his feet. I did find marked muscle spasm of all the back muscles from the shoulders down, and there was an area of tenderness in the mid-thoracic area * * *." She expressed the opinion that the child had suffered a sprain injury of the thoracic vertebrae, "the vertebrae to which the ribs are attached."

 There is other evidence regarding the boys' injuries. We have reviewed all of it. In our opinion, a finding that either child was not injured in the collision would be against the great weight and preponderance of the evidence. They are entitled to compensation for their injuries, Taylor v. Dunn (Tex.Civ.App.—Waco, 1970, no writ hist.), 453 S.W.2d 521, 523; and the jury's answers of "none" to issues (23) and (25) are therefore against the great weight and preponderance of the evidence.

The causes of action asserted in behalf of Tony Lee Head and Robbie Allen Head are severed from that filed in behalf of Mr. and Mrs. Head.

In so far as the judgment held that appellants as next friend for the minor children recover nothing, it is reversed and that cause of action is remanded for a new trial. In so far as the judgment denied recovery to appellants individually, it is affirmed.

All costs are taxed one-half against appellants in their individual capacity and one-half against appellee.