Concepcion Ramirez **YANEZ** et vir,
Appellants,

v.

George **BYRNES** and Checker Cab Co. of
El Paso, Inc., Appellees.

No. 6219.

Court of Civil Appeals of Texas,
El Paso.

April 5, 1972.

Endlich & Hughes, Ben A. Endlich, D. Clark Hughes, El Paso, for appellants.

Lipscomb, Fisk & Cox, Sanford C. Cox, Jr., El Paso, for appellees.

## OPINION

PRESLAR, Justice.

Appellants, Concepcion Ramirez Yanez and husband, sued George Byrnes and Checker Cab Co. of El Paso, Inc., for personal injuries to Mrs. Yanez arising out of an automobile collision between cars driven by Mrs. Yanez and George Byrnes. A take-nothing judgment was rendered based on jury findings of negligence on the part of both parties. The jury also found This appeal involves only the findings as to that damage issue and the findings of contributory negligence on the part of Mrs. Yanez, which were that she failed to keep a proper lookout which was a proximate cause of the accident. We are of the opinion that the judgment should be affirmed.

The parties will be referred to as they appeared in the trial Court, Mrs. Yanez as plaintiff and George Byrnes as defendant.

The accident occurred in a parking lot at a large shopping center. The plaintiff was proceeding along an area at the end of the rows of parked cars and the defendant was emerging into that area from between the rows of cars, and his vehicle struck that of the plaintiff at a point of the front door on the driver's side. As indicated, the jury found both parties negligent in failing to keep a proper lookout which proximately caused the collision. All points of error are directed to the sufficiency of the evidence, and we turn first to that regarding proximate cause.

The evidence as to where the parties were and what they were doing just prior to and at the time of the collision all comes from the two drivers. Much of the testimony of these witnesses was given by referring to an aerial photograph of the Shopping Center and parking lot with its rows of parked cars and traffic lanes. The positions of the parties while doing certain acts at various times in the sequence of events was pointed out to the jury on this photograph. An example of such testimony is the following by the plaintiff:

"Q. All right. Mrs. Yanez, if you will, take a look at the photograph before you start describing the accident. If you will, show the jury how the accident occurred?

"A. I was stopped right here; this is the ditch, right here; this is the bridge that I was trying to cross; I was stopped right here waiting for three cars. . . . I was right there; I was stopped; . . . . ."

 *     *     *     *     *     *

"Q. Now, if you will, this is Shain's, is that correct?

"A. Yes.

"Q. All right. Now, if you will describe to the jury now, when you

left Shain's, the exact route you took to get to where you say you were stopped?

"A. I was parked right along here because I was after a package they was going to have; it was the last parking spot; I came out here and around and followed the traffic right here. I had to stop right here because of the cars that were ahead of me, waiting for this traffic."

The other driver, the defendant, also testified by reference to the photo, as shown by the following excerpts from his testimony:

"Q. Mr. Byrnes, let me ask you to step around here if you will so the jurors can get a better view. Now, if you will, sir, so that the jurors can see, this is Shain's, is that correct?

"A. That's right."

* * * * * *

"Q. . . . . And you were parked here, is that right?

"A. No, a little bit further.

"Q. Over in this area. All right, Now, if you will now, point out to the jury, so they can see, what route you traveled when you pulled out of the Shain's parking area there?

"A. I backed into this lane right here, and then I turned in here and came down this lane here (indicating)."

* * * * * *

"Q. . . . . you say you came to a stop when you came to the edge of these parking areas here?

"A. Yes, sir.

"Q. All right, Point out to the jury here, if you will, where you stopped?

"A. Well, it is according to where the cars came out to; I was between the last two cars in the lane. They were parked about in here, (indicating).

"Q. . . . . Take a pencil and point to approximately where?

"A. Well, if the cars were along here, I would have come out in the area where I could see clearly between the last two cars, this car and this car (indicating)."

There is other testimony of this same nature whereby the respective witness points to the photo and indicates to the jury that he was "here" or "there" or that he turned "here" or was stopped "there." It is readily apparent that this demonstrative evidence means little or nothing when reduced to the black and white appellate record. It also means that the jury had evidence before it that is not before us. Yet, we are called upon to overturn the jury's findings as being contrary to our own evaluation of the evidence. One witness was called upon to mark on the photo his route of travel and point of first seeing the other driver, and these markings and the related testimony shed some light on the question before us.

Appellant-plaintiff concedes that there is evidence to support the jury finding that she failed to keep a proper lookout, but she urges that such was not a proximate cause. Specifically, she says there is no evidence and insufficient evidence to support such finding, and that such finding on proximate cause is against the great weight and preponderance of the evidence.

The failure to keep a proper lookout can only be deemed a proximate cause where "the keeping of it would have prevented the unfortunate occurrence." Salcido v. Bates, 436 S.W.2d 934 (CCA—Corpus Christi 1968, ref. n. r. e.). Actual cause and foreseeability, and the elimination of any intervening cause, are the elements of proximate cause. We have no intervening cause in the case before us. Our primary inquiry must be whether the time and distance in which plaintiff had the other driver in view, or should have seen him, were sufficient to place a duty on her to act. If she had that time and did not

**244**

use it to take some evasive action to avoid the collision, then she was an actual cause of the accident. There are many variables involved, relative positions of the parties, respective speeds, and directions being traveled by the parties just prior to the collision. There is much authority for the proposition that the question of proximate cause, often involving the weighing of intangibles, is one peculiarly within the province of the jury. Courts are reluctant to set aside a jury's answer to proximate cause issues and will do so only in exceptional cases. Enloe et al. v. Barfield et vir., 422 S.W.2d 905 (Tex.Sup.1967); Keith v. Silver, 476 S.W.2d 335 (CCA—Houston 1972, n. w. h.). We have made a diligent effort to avoid hiding behind this rule and have carefully reviewed the evidence. From that review, we conclude there is evidence to support the finding and that such finding is not against the great weight and preponderance of the evidence. The evidence reveals conflicts in the testimony of the plaintiff between her deposition testimony and that given in the trial as to her location and speed just prior to the collision, and if one version is accepted, which the jury had the right to do, then she had time to act. Also, there are conflicts between the testimony of the plaintiff and defendant, which, when resolved, provide evidence on the issue.

In evaluating the evidence, we have followed the familiar rules of considering only the evidence and the inferences tending to support the finding, and disregarded all evidence and inferences to the contrary on the "no evidence" point. Commercial Standard Insurance Company v. Allred, 413 S.W.2d 910 (Tex.Sup.1967). In passing on the "insufficient" or "against the great weight and preponderance" point we have considered all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Since we have upheld the finding of contributory negligence on the part of the plaintiff, that is a bar to her recovery against the defendant for any injuries, and it makes immaterial the points of error as to her damages. Head et al. v. Coleman, 470 S.W.2d 380 (CCA—Waco 1971, ref. n. r. e.).

The judgment of the trial Court is affirmed.