Arthur B. GILLESPEY, Individually, and as next friend of Teri Gillespey, a minor, Appellants,

v.

Duane Steven SYLVIA, Appellee.

No. 6275.

Court of Civil Appeals of Texas, El Paso.

May 16, 1973.

Thorne & Zimmerman, R. Don Thorne, L. Taylor Zimmerman, El Paso, for appellants.

Dudley & Skipworth, William C. Dudley, Robert A. Skipworth, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a rear-end automobile collision case in which a take nothing judgment was rendered based on jury findings. Appellant, Teri Gillespey, a minor, brought suit through her father as next friend, alleging that the automobile which she was driving was struck from the rear by one driven by Appellee, Duane Steven Sylvia. The jury found no negligence on the part of either driver and all damage issues were answered as zero. Plaintiff appeals from the order of the Court overruling her amended motion for new trial. We are of the opinion that the order should be affirmed.

For clarity, we will refer to Teri Gillespey as plaintiff and Duane Steven Sylvia as defendant, since they were the drivers of the cars involved. The collision occurred about 7:15 A.M. on Alabama Street in the City of El Paso. Plaintiff testified that she was traveling at about twenty-five miles per hour when she was forced to stop when the automobile in front of her came to a sudden stop. Defendant's testimony was that he was traveling behind her at a distance of about three car lengths in a small sports car, that his vision was obstructed by a hill, and that his car was low, and that he braked as soon as he could but could not avoid the accident. He struck plaintiff's car and caused it to bump the car in front of her. Damage was described as light to the automobiles, except for defendant's small car. No one suffered visible injuries and no one went to the hospital, but plaintiff complained of pain at the time. The collision was not witnessed by any one other than the drivers, so that the issues as to its cause must be determined from their testimony and the testimony of the investigating police officer.

The plaintiff-appellant's points of error numbered one through eight are "no evidence" and "insufficient evidence" points relating to the failure of the jury to find the defendant guilty of four acts alleged to be negligent. The jury exonerated the defendant on those four issues of (#1) failure to keep a proper lookout, (#3) failure to maintain an assured clear distance, (#5) excessive speed, and (#7) failure to make timely application of brakes. In her motion for new trial, plaintiff urged no evidence and insufficient evidence as to each of the above issues, except #5, which was attacked only for no evidence. The defendant here contends that the no evidence points can not be considered on appeal because they were not preserved by some action taken prior to judgment, being raised for the first time by motion for new trial. Our understanding of the law is that "no evidence" can be asserted for the first time by motion for new trial, but if upheld, the only relief which can be granted is a new trial. In Rosas v. Shafer, 415 S.W.2d 889 (1967), the Supreme Court in a per curiam opinion held that where the plaintiffs failed to preserve their points of error either by motion for instructed verdict, objections to the issues, or motion for judgment notwithstanding the verdict, but did by motion for new trial complain that there was no evidence to support certain issues, their contentions were made clear to the court in time for

the court to correct any error, so that there was a predicate for the "no evidence" points on appeal. No evidence points not preserved by some pre-judgment action, but by motion for new trial, if sustained, can only result in remand for a new trial, rather than other forms of relief. State v. Wilson, 439 S.W.2d 134 (Tex.Civ.App.—Tyler 1969, n. w. h.). Thus, under the state of the record in this case, plaintiff is entitled to present her "no evidence" points, but they are meaningless in that she can obtain by them no greater relief than by the insufficient evidence points, to-wit, a new trial.

In Bell Aerospace Corporation v. Anderson, 478 S.W.2d 191 (Tex.Civ.App.—El Paso 1972, ref'd n. r. e.), this Court stated:

"The basic rule for considering 'no evidence' and 'insufficient evidence' points of error is contained in the article of Robert W. Calvert, 38 Tex.Law Rev. 361. In deciding 'no evidence' points, the reviewing Court should view the evidence in its most favorable light in support of the finding of fact, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences to the contrary. In considering 'insufficient evidence' points, the entire record must be considered, and such points sustained if the evidence is factually insufficient to support a finding or if the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong."

What is under discussion is not a true no evidence situation. As pointed out by Justice Calvert in his article at page 368, points of error which assert that there is no evidence of probative force to support the jury's finding really miss the target. For example, what does it benefit a party that there is no evidence to support a jury finding that the opposite party *did not* commit a negligent act? Before a party is entitled to have a judgment based on the answer reversed and judgment rendered in his favor it must appear that the evidence

establishes conclusively that the act *was* committed. In this situation it would be much better to forget the words, "no evidence," and assert in the point of error, as well as in the basic procedural steps in the trial Court, that the evidence establishes conclusively, or as a matter of law, that the act was committed.

Some of the testimony and evidence before the jury in this case consisted of the following: That defendant was driving a small sports car; that there were hills and dips in the vicinity of the accident; that traffic was heavy at this time of day; that defendant's car was in good mechanical condition; that defendant braked as soon as he could but could not avoid the accident; that a hill contributed to the accident; that damage to plaintiff's automobile was very minor, and damage to the third car was very minor; that defendant could not see in front of plaintiff's vehicle because of the vehicle itself and the hill; that defendant was traveling about thirty miles per hour before he braked.

■ While a collision itself may be some evidence of negligence on the part of a motorist who strikes another vehicle going in the same direction, Boddy v. Canteau, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, ref'd n. r. e.); Miller v. Wagoner, 356 S.W.2d 363 (Tex.Civ.App.—Austin 1962, n. w. h.), it is a settled rule that whether or not a proper lookout was kept is ordinarily a fact question. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Berry v. Sunshine Laundries & Dry Cleaning Corporation, 387 S.W.2d 948 (Tex.Civ.App.—San Antonio 1965, ref'd n. r. e.). In Stafford v. Hardi, 464 S.W.2d 958 (Tex.Civ.App.—Dallas 1971, ref'd n. r. e.), the Court stated in upholding jury findings favorable to a defendant involved in a rear-end collision that:

"The triers of the facts were in a better position to answer these issues than are we . . . They merely declined to find from a preponderance of the evidence that Hardi did not keep a proper

lookout, that he was driving at a greater rate of speed than a person of ordinary prudence would have driven under the same or similar circumstances, or that he failed to make timely application of his brakes. These findings merely mean that Stafford failed to carry his burden of proving these alleged acts of negligence. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup. 1966)."

 Plaintiff has briefed these eight points of error together, but we have considered each separately and have carefully reviewed the evidence as to each. Except for the physical facts, most of the evidence as to what the defendant was doing or not doing came from him, but he was extensively examined and cross-examined concerning same. The jury accepted his testimony, and there is evidence to support their findings, and it can not be said that such findings are against the great weight and preponderance of the evidence. The first eight points of error are overruled.

Points of error nine through fourteen concern the failure of the jury to find any damages. Since we have upheld the jury findings that there were no acts of negligence on the part of the defendant, there can be no recovery from him for plaintiff's injuries, and it makes immaterial the points of error as to her damages. Head v. Coleman, 470 S.W.2d 380 (Tex.Civ.App.—Waco 1971, ref'd n. r. e.); Yanez v. Byrnes, 480 S.W.2d 241 (Tex.Civ.App.—El Paso 1972, n. w. h.).

 As a part of, but alternative thereto, plaintiff asserts in her amended motion for new trial that the Court should declare a mistrial for the reason that the verdict is incomplete. Her points of error fifteen and sixteen relate to that assignment in urging that the finding of no negligence on the part of either party amounts to a finding of unavoidable accident when no issue was requested or submitted on it, and this makes for an incomplete verdict. Ignoring the fact that this motion for mistrial apparently came for the first time in the motion for new trial, after judgment, we see no error in the fact that no one was found negligent. Negligence is not presumed, but must be proved, and the findings here simply indicate that each party failed in his proof of negligence. Points fifteen and sixteen are overruled.

The judgment is affirmed.