NUMBER 13-99-563-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ADALIA MENDOZA
, Appellant,


v.



RUSSELL WARREN SWANSON
, Appellee.

___________________________________________________________________


On appeal from the 357th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yanez, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant, Adalia Mendoza, was a passenger in a car which was
struck from behind by another vehicle while her car was stopped at a
railroad crossing. She and her husband, Ricardo Mendoza, who was
driving, brought suit against the driver of the vehicle which struck their
car, alleging negligence in several respects. They sought recovery for
her past and future physical and mental pain, her past and future
medical expenses, impairment of her ability to earn a livelihood, and
impairment of their ability to administer to their needs and the needs of
their family.

 In answer to special issues, the jury found the defendant
negligent, found, with regard to Adalia Mendoza, the sum of $4,533 for
medical expenses in the past and nothing for past physical pain and
mental anguish, future physical pain and mental anguish, physical
impairment in the past, future physical impairment, and future medical
expenses. The jury awarded zero damages to the husband, Ricardo
Mendoza, for physical pain and mental anguish in the past, future
physical pain and mental anguish, past medical expenses, and future
medical expenses.(2)

 The court entered judgment in the sum of $4533 to Adalia
Mendoza and nothing to Ricardo Mendoza. Plaintiff, Adalia Mendoza,
was also awarded $132 in prejudgment interest.

 Appellant's brief brings two points of error, the first of which
charges that the jury's verdict as to damages was against the great
weight and preponderance of the evidence, and the second of which
charges abuse of discretion by the trial court in failing to grant
appellant's motion for new trial. Because the basis for both points are
the same, and they are argued jointly in appellant's brief, we consider
and decide them as one issue.

 When reviewing a jury verdict to determine the factual sufficiency
of the evidence, a court of appeals must consider and weight all the
evidence, and should set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We cannot
substitute our opinion for that of the trier of fact and determine that we
would reach a different conclusion. Hollander v. Capon, 853 S.W.2d
723, 726 (Tex.App. ­ Houston [1st Dist.] 1993, writ denied).

 Appellant, in her brief, summarized the evidence of her injuries. 
She states that she informed the ambulance attendant that she was
experiencing low back pain, head pains and "bloody discharge." The
summary continues: "The emergency room doctor's diagnosis was that
she suffered an acute lumbar strain secondary to motor vehicle
accident." She then consulted a chiropractor who said that she had
stiffness in her neck and spasms in her back. She also said an MRI
exam showed posterior central disc protrusion. In addition, appellant's
brief summarizes appellant's own testimony about her pain and
physical limitations.

 Appellant testified that, prior to the accident, she had no low back
pain. However, she was shown her medical records which recited that
three days before the accident she saw her private physician and
complained of back pain and cramping. Appellant testified that she was
pregnant and lost her baby following the accident, however, a
sonogram done two days after the accident showed an "empty
gestational sac."

 The jury also heard evidence that appellant was not working
before the accident and that, following the accident, she worked at Wal-Mart and at Texas Visiting Nurse Service and that she left both places
of employment for reasons not related to her injuries from the accident. 
Appellant testified that she rises at 6:00 a.m. and, after breakfast, she
"goes through the kids' rooms and does their beds." She cooks, does
laundry twice a week, and irons once a week, although she does these
duties "little by little."

 Appellant cites Lowery v. Berry, 269 S.W.2d 795, 796-97 (Tex.
1954), which the brief purports to quote as saying: "When there are
objective symptoms or signs of injury that were unquestionably caused
by a collision, a jury verdict of no damages . . . is against the great
weight and preponderance of the evidence." We are unable to find this
exact language in Lowery. However, the supreme court in Lowery did
say: "The answer of the jury that she suffered no damages is not only
unsupported by any evidence, but is directly contrary to all the
evidence. The undisputed facts disclosed that she did suffer damages
. . ." The court in Lowery noted that the injured child's treating
physician testified that the child "received multiple fractures of the skull
and the skin and tissues of the left side of her head were so severely
torn that that part of her skull was laid bare." Id. at 796.

 This court in Crowe v. Gulf Packing Company, 716 S.W.2d 623
(Tex. App. ­ Corpus Christi 1986, no writ) reversed the trial court,
saying:

 We find it inconceivable that the jury could find injury and
compensable medical care, disfigurement and incapacity and
yet find no physical pain and mental anguish. The amount
of damages is largely within the jury's discretion. However,
they must award something for every element of damage
resulting from an injury.


However, in Crowe the jury awarded damages for loss of earnings in
the past, loss of earning capacity, disfigurement, physical impairment
both past and future, and past and future medical expenses. One
doctor testified (in Crowe) that plaintiff was treated with pain killers,
anti-spasmodic drugs, and anti-inflammatory drugs. Another doctor
testified that plaintiff had had several surgeries and, on the occasion of
the second surgery, he located a formerly undiscovered tear in the
rotator cuff.

 In the case before us, the evidence of appellant's injuries and pain
following the accident were entirely subjective. There were several
conflicts between her testimony and the medical records, including her
claim that she was pregnant and lost her baby three days after the
accident whereas the medical records showed she was not pregnant.

 Having weighed all the evidence, we do not find the verdict to be
so contrary to the weight of the evidence as to be clearly wrong and
unjust. The trial court did not abuse its discretion in denying
appellant's motion for new trial. We AFFIRM the judgment of the trial
court.

 Noah Kennedy

 Justice


Do not publish.

Tex. R. App. P. 47.3.

Opinion delivered and filed

this the 29th day of June, 2000.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).

 
2. This appeal is brought solely by Adalia Mendoza.