Reversed and Remanded and Opinion
filed September 22, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01113-CV



Phi Van
Cao, Appellant 

v.

Yvonne Hardy, Appellee 



On Appeal from
the County Civil Court at Law No. 3

Harris County, Texas

Trial Court
Cause No. 847285



 

OPINION 

This is an appeal from a personal-injury case in
which the jury found for appellant Phi Van Cao and awarded him $2,176 for past
medical bills. Cao argues that the court below improperly designated a
responsible third party and that his award was improperly reduced as a result.
We agree, reverse, and remand.

I

The underlying facts are straightforward: During a
morning rush hour, Cao slowed his truck as he approached a disabled vehicle,
and a car driven by appellee Yvonne Hardy crashed into Cao’s truck from behind.
There is some dispute as to whether the disabled vehicle had its hood up, but
its hazard lights were not flashing when the accident occurred. 

Cao did not seek immediate medical attention, and he
worked a full day as an auto mechanic after the accident. He began to feel pain
sometime that evening. The next day, he was treated by a new doctor—not his
regular family doctor. He was prescribed physical therapy and two types of medication.
He eventually filed suit seeking $3,625.86 for past medical expenses: $3,500
for doctor’s visits and physical therapy, $48.74 for one prescription, and
$77.12 for the other.

Hardy moved to designate the unnamed owner of the
disabled vehicle as a responsible third party based on his negligent failure to
use his hazard lights. The trial court granted that motion. Cao responded by
moving to strike the responsible-third-party designation, arguing that section
33.004 of the Texas Civil Practices and Remedies Code allows unnamed parties to
be designated as responsible third parties only when they commit a crime. Cao’s
motion was denied. After a trial, the jury found Hardy sixty percent at fault
and the unnamed owner of the disabled vehicle forty percent at fault. The jury
awarded Cao $2,176 for past medical expenses without explaining how it reached
that figure. Rounded to the nearest dollar, $2,176 is sixty percent of Cao’s
total medical expenses.

Cao moved for a judgment notwithstanding the verdict
on the grounds that 1) it was error to designate the unnamed owner of the
disabled vehicle as a responsible third party, and 2) the jury award of $2,176
was against the great weight and preponderance of the evidence because his $3,625.86
in medical expenses was uncontested. The court upheld the jury verdict, and Cao
moved for a new trial on the same grounds. The trial court denied that motion,
and this appeal followed.




II

A

The Texas Civil Practices and Remedies Code governs
the designation of responsible third parties. Tex. Civ. Prac. & Rem. Code §
33.004. Whether responsible-third-party designation was proper is a question of
statutory construction and is reviewed de novo. See State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006); Flack v. Hanke, 334 S.W.3d 251, 261
(Tex. App.—San Antonio 2010, pet. dism’d). When construing a statute, we begin
with its language. Shumake, 199 S.W.3d at 284. Our primary
objective is to determine the legislature’s intent which, when possible, we
discern from the plain meaning of the words chosen. Id. We presume the legislature
included each word in the statute for a purpose, and that words not included
were purposefully omitted. In re M.N., 262 S.W.3d 799, 802 (Tex. 2008). We
may not add language that is not implicitly contained in the language of the
statute. Villareal v. Wells Fargo Brokerage Servs., LLC, 315 S.W.3d 109,
122 (Tex. App.—Houston [1st Dist.] 2010, no pet.). However, we may consider
other matters in ascertaining legislative intent, including the objective of
the law, its history, and the consequences of a particular construction. Shumake,
199 S.W.3d at 284.

Chapter 33 of the Texas Civil Practices and Remedies
Code explicitly considers the designation of unknown persons as responsible
third parties:

(j)
Notwithstanding any other provision of this section, if, not later than 60 days
after the filing of the defendant’s original answer, the defendant alleges in
an answer filed with the court that an unknown person committed a criminal act
that was a cause of the loss or injury that is the subject of the lawsuit, the
court shall grant a motion for leave to designate the unknown person as a
responsible third party if:

 

(1) the court determines that the
defendant has pleaded facts sufficient for the court to determine that there is
a reasonable probability that the act of the unknown person was criminal; 



(2) the defendant has stated in
the answer all identifying characteristics of the unknown person, known at the
time of the answer; and

 

(3) the allegation satisfies the
pleading requirements of the Texas Rules of Civil Procedure.

 

Tex. Civ. Prac. & Rem. Code § 33.004(j).[1] This is the
only section of the code dealing specifically with unknown responsible third
parties. Hardy argues that subsection (j) is irrelevant because it applies only
to cases involving criminal acts, and she urges this court to apply the general
provisions of section 33.004. She asserts that, because these subsections do
not expressly limit themselves to known persons, they should apply to both
known and unknown persons. We find this argument unpersuasive and follow our
sister court in finding subsection (j) to be uniquely applicable to unknown third
parties. See In re Unitec Elevator Servs. Co., 178 S.W.3d 53, 61 (Tex.
App.—Houston [1st Dist.] 2005, no pet.).

In Unitec, the First Court of Appeals noted that
the broad rights granted defendants to designate responsible third parties
under section 33.004 came with a procedural price. Id. The relators in Unitec
tried—outside the sixty-day time limit of subsection (j)—to designate unknown
vandals as responsible third parties in a personal-injury case. Id. at
60­–61; see Tex. Civ. Prac. & Rem. Code § 33.004(j). Relators specifically
argued that subsection (j) was not the exclusive means of designating the
unknown vandals as responsible third parties and that the designation could
also be made under the general provisions of section 33.004. Unitec, 178
S.W.3d at 60–61. The court did not agree:

While
revised section 33.004 clearly recognizes the right of a defendant to submit an
unknown person as a responsible third
party to a jury for the jury’s apportionment of
responsibility, subsection (j) provides that as a prerequisite to designating
such an unknown person, a defendant must comply with certain pleading
requirements likely designed to furnish the other parties with notice that the
defendant intends to assert that the claimant’s injuries were caused by an
unknown criminal. Relators’
argument, that subsection (j) merely affords a defendant an additional and
independent means to designate unknown persons as responsible third parties,
would render the pleading deadlines imposed in subsection (j) meaningless.

 

Id. at 61. The same
logic applies to the present case. Because the owner of the disabled vehicle is
unknown, the pleading requirements of subsection (j)—including the allegation
that he has committed a crime—apply.[2]
Hardy failed to follow those requirements, and thus it was error to designate
the owner of the disabled vehicle a responsible third party.

B

In light of this conclusion, Cao urges this court to set
aside the jury award of $2,176 and award him the entire $3,625.86 he has
claimed in medical expenses. He argues that, because the jury award is almost
exactly sixty percent of his alleged expenses, it must be a direct result of
the erroneous designation of the responsible third party, which the jury found
to be forty percent at fault. We agree that the correlation is close, but the
proper remedy is available only in the trial court.

Juries have broad discretion in assessing damages when
the law provides no precise legal measure; a jury’s findings will not be disregarded
merely because its reasoning in arriving at its figures may be unclear, so long
as a rational basis for its calculation exists. Formosa Plastics Corp., USA
v. Kajima Int’l, Inc., 216 S.W.3d 436, 453 (Tex. App.—Corpus Christi 2006,
pet. denied). A jury need not accept a plaintiff’s medical costs at face value;
it may find that those costs were caused in whole or in part by an injury or
condition other than the one being litigated. See Hilland v. Arnold, 856
S.W.2d 240, 242–43 (Tex. App.—Texarkana 1993, no writ). When that is the case,
a jury may properly award an amount less than the total costs incurred by the
plaintiff. See id. However, when a jury awards a plaintiff a completely
random sum of money, a court of appeals may disregard it. See Formosa Plastics,
216 S.W.3d at 453–54; First State Bank v. Keilman, 851 S.W.2d 914,
930–31 (Tex. App.—Austin 1993, writ denied). Our only recourse in such a case
is granting a new trial. Gulf, Colo. & Santa Fe Ry. Co. v. Deen, 312
S.W.2d 933, 937 (Tex. 1958). We have no authority to employ additur. Oyster
Creek Fin. Corp. v. Richwood Invs. II, Inc., 176 S.W.3d 307, 325 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied).

Hardy relies on Hilland v. Arnold to argue
that the jury in this case was not convinced that all of Cao’s medical bills
were necessary. As evidence of the reasonableness of such a jury finding, Hardy
points out that Cao finished a day’s work as an auto mechanic before seeking
medical attention and, when he did seek medical attention, he did not go to his
regular doctor. This first fact is completely irrelevant: Uncontroverted
testimony shows Cao did not begin to feel pain until the evening on the day the
accident occurred, and it would have made no sense for him to seek medical
attention when he had no symptoms to report. The second fact relied on by Hardy—Cao’s
decision not to go to his regular doctor—actually works against her reliance on
the Hilland decision. 

In Hilland, a jury awarded $659 to a plaintiff
alleging $17,435 in damages; the award amount represented the plaintiff’s cost
for the first two physicians he saw after he was injured in a car accident. 856
S.W.2d at 241. The trial court entered judgment for $659, and the judgment was
upheld despite plaintiff’s contention it was too low. Id. at 241, 243.
Two key elements present in the Hilland case are not present in the case
at hand. First, a doctor who examined the plaintiff after the accident noted an
unusual arthritic deterioration of the plaintiff’s spinal column, but because
he was not aware of plaintiff’s condition before the accident, he refused to
testify affirmatively that the condition was caused by the accident. Id.
at 242. Second, the Hilland plaintiff had been diagnosed as a
hypochondriac—a person who interprets minor abnormalities as serious medical
problems—prior to the accident, and he suffered from the same symptoms both
before and after the accident. See id. at 241. This diagnosis was shown
in notes taken before the accident by one of the psychiatrists the plaintiff
continued to see after the accident. Id. The doctor’s refusal to testify
about the cause of plaintiff’s arthritic condition and the psychiatrist’s notes
regarding plaintiff’s hypochondriasis put the cause of plaintiff’s injuries
into doubt. Id. at 243. That doubt justified the relatively small jury
award. Id.

Despite Hardy’s contentions, there is no such doubt
in the present case. Nothing in the record so much as hints at the possibility
that Cao’s pain was caused by a preexisting condition. During cross
examination, Cao admitted that, after the accident, he did not see his family
doctor and the doctor he did see had never treated him before. Defense counsel
did not inquire as to the reason for Cao’s choice of doctors, nor did defense
counsel present any evidence that Cao had changed doctors in bad faith. On this
record, it is entirely possible that Cao’s family doctor was unavailable on the
day of the accident, and Cao went to the next available doctor for his
examination. On the other hand, if Cao’s family doctor could show Cao had a
history of symptoms similar to those he suffered after the accident, Hilland
would be on-point. See 856 S.W.2d at 241. Evidence from Cao’s family
doctor is conspicuously absent from the record, however, and Hilland does
not justify the jury award here.

The jury award in this case more closely resembles
the jury award in First State Bank v. Keilman. See 851 S.W.2d at
930–31. In considering a usury case, the jury there was faced with a clear
choice: “[I]f the jury believed the evidence presented by the Keilmans,
$7,161.44 in unauthorized interest was charged. If the jury believed the
evidence presented by [First State Bank], only $169.92 in [unauthorized]
interest was charged . . . .” Id. at 931. Somehow, the jury set the
amount of unauthorized interest at $360, an amount neither party could explain.
Id. As a result, the Keilman court struck down the award as
“inexplicable in light of the evidence presented at trial.” Id.

In the present case, the jury award has only one
plausible explanation: The jury subtracted the forty percent of Cao’s damages
it attributed to the unknown owner of the disabled vehicle who was improperly
designated a responsible third party. Naturally, Hardy defends the jury award,[3] but her
defense relies on vague generalizations of a jury’s broad discretion to
disbelieve the reasonableness of medical costs. The mere fact that $2,176 falls
somewhere between nothing and Cao’s full medical costs is no help. See Keilman,
851 S.W.2d at 931. There are three sums spelled out in the record for
the jury to consider: $3,500 for the doctor visit and physical therapy, $48.74
for one prescription, and $77.12 for the other. No combination of these numbers
results in the jury award of $2,176. We simply cannot find any logical way to
reach the same conclusion as the jury. See Clark v. Brewer, 471 S.W.2d
639, 642 (Tex. App.—Corpus Christi 1971, no writ) (“We are unable to take any
group of specific figures and come up with the figure found by the jury.”). 

* * *

For the foregoing
reasons, we reverse and remand for a new trial.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Brown, and Christopher.









[1]
“An unknown person designated as a responsible third party under Subsection (j)
is denominated as ‘Jane Doe’ or ‘John Doe’ until the person's identity is
known.” Tex. Civ. Prac. & Rem. Code Ann. § 33.004(k).





[2]
Hardy tries to distinguish this case from Unitec by pointing out that
the vandalism in that case was clearly criminal and, as a result, the Unitec
decision is inapplicable to a consideration of whether subsection (j) applies
to non-criminal conduct. However, under Section 33.004, the key factor is not
the criminal or non-criminal nature of the conduct, but rather the unknown
identity of the responsible third party. See Unitec, 178 S.W.3d at 61
n.8.

 





[3]
Though the jury award was in Cao’s favor, Hardy would no doubt rather pay the
$2,176 award than the full $3,625.86.