**William BOLEN, on Behalf of and as next friend of Harold Bolen, Appellant,**

**v.**

**Sherry TIMMONS, Appellee.**

**No. 7644.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1966.

Rehearing Denied Nov. 14, 1966.

Splawn & Maner, Lubbock, James R. Edwards, Lubbock, of counsel, for appellant.

Key, Carr & Clark, Lubbock, William C. Clark, Lubbock, of counsel, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment in a personal injury case based upon a jury verdict in which William Bolen, father of Harold Bolen in his individual capacity and as next friend of his minor son, recovered $178.85 of $255.85, the exhibits show was incurred for medical, doctor and hospital expenses growing out of a rear-end collision on December 30, 1964, but was denied any recovery for the son for his injuries, pain and suffering and for mental anguish. Harold Bolen was the minor plaintiff below and Sherry Timmons was the minor defendant in the trial court.

Harold Bolen was sitting on his motorcycle with his foot on the brake while stopped at a red light in the City of Brownfield when he was rear-ended by appellee, a 15-year-old girl, driving a Falcon automobile in which six of her girlfriends were riding with her.

The jury found Sherry failed to keep a proper lookout, failed to properly apply her brakes in an attempt to avoid the collision and answered the corollary questions of negligence and proximate cause against her. Harold was absolved of any negligence whatever.

The testimony shows Sherry had slowed her car and changed to a lower gear to observe the red light ahead. By her own testimony she was not conscious of the motorcycle sitting ahead of her and her first knowledge of it was when she felt the impact as she was looking to the right and waving at a girl in another car. When asked if the impact was light, moderate or heavy, she answered, "Moderate."

The evidence shows the motorcycle with the brake on was knocked from six inches to a foot, which would naturally whip the boy's neck and back in that proportion commensurate with the severity of the impact.

■ Reversible error is urged in the answer of the jury to Special Issue No. 11, the damage issue, for the reason it was "* * * so contrary to the evidence as to manifest a complete disregard of the evidence." We sustain the point.

Prior to the rear-ending Harold had suffered no physical problems with his back, neck or other parts of his body. He was a high school senior student taking distributive education, a course whereby he attended school a half-day and worked a half-day in manual employment. Prior to the rear-ending he could do heavy lifting, straining, body stress and stand on his legs for long periods of time without physical difficulty. He was the only child at home and helped his mother in lifting heavy wash tubs and furniture. Immediately after the incident in question he was not conscious of pain and was scared, but the next morning "* * * when I started to get out of bed I couldn't hardly get up. My back was hurting, just from down my neck and shoulders and down in my back."

His father corroborated his condition and the witness, Jerry Richardson, testified he later worked with Harold, that he had difficulty with manual work, suffered pain in doing heavy lifting, and that the other boys working in the seismograph crew knew of his physical difficulties and they all tried to help him.

His father sent Harold to Dr. Jones at Brownfield. He found objective symptoms of tenderness in the lower part of his neck, in the back and inside his right shoulder blade. He prescribed a combination tablet for muscle relaxant and a pain-killer com-

bined, and during the period between the accident and the trial saw him in office calls more than twenty-five times. He also gave him ultra-sonic treatments and sent him to a well-known orthopedic surgeon in Lubbock, Dr. R. Q. Lewis, who X-rayed him and recommended physical therapy. Dr. Lewis saw him four times and Dr. Jones continued to examine him through September 22, 1965. On September 3, 1965, he found he was still having muscle spasms in the dorsal area.

Special Issue No. 11 inquired of the jury what sum of money would reasonably compensate Harold Bolen for his injuries, if any, proximately caused from the accident in question, to which they answered, "None." The jury was told they might take into consideration physical pain and suffering, if any, in the past, up to the present, and any he would reasonably and probably suffer in the future. They were instructed the same with respect to mental anguish.

Rule 328, Texas Rules & Civil Procedure, provides, inter alia, that: "New trials may be granted when the damages are manifestly too small or too large. * * *"

The Dallas Court of Civil Appeals in Berry v. Lowery, Tex.Civ.App., 266 S.W. 2d 917, 921 has quoted with approval the following statement:

" ' * * * though the amount of damages is ordinarily left to the discretion of the jury under the evidence before them, yet they cannot ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence. (Citing cases.) In the instant case the verdict was manifestly wrong under the evidence, and the court should have granted a new trial.' "

The Supreme Court of Texas in the same case,[1] after granting a writ, held: "The answer of the jury that she suf- fered no damages is not only unsupported by any evidence, but is directly contrary to all the evidence." Exactly the same may be said to be true in the instant case.

 Appellee seeks to distinguish the instant case from LOWERY on the theory that the child in that case suffered unquestionably serious injuries. We do not believe a quantitative basis is a fair ground upon which to distinguish the cases, where all the evidence shows Harold did suffer physical pain and at least some mental anguish as a result of the rear-ending. It is ordinarily the prerogative of a jury to set the amount of damages but they have no authority to completely ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence. Berry v. Lowery, supra.

The judgment of the trial court is reversed and remanded.

1. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795.