**W. Bayard TAYLOR, Appellant,**

**v.**

**Victor P. HEAD et al., Appellees.**

**No. 7804.**

Court of Civil Appeals of Texas.

Texarkana.

April 4, 1967.

Rehearing Denied April 25, 1967.

Wm. J. Kershner, Houston, for appellant.

Blake Tartt, Carl Wm. Vogt, Donald O. Jansen, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellees.

DAVIS, Justice.

A tort case. Plaintiff appellant, W. Bayard Taylor, sued Victor P. Head and his ex-wife, Doraldine Head, in connection with an automoble rear-end collision that occurred about April 5, 1964, in the City of Houston, Harris County, Texas. The case was tried to a jury. The jury answered all the special issues in favor of appellant, except the issues as to damages and future medical and hospital expense. The jury found that appellee, Doraldine Head, the driver of the other car, was guilty of negligence that was the proximate cause of the damages and injuries suffered by appellant. The jury awarded appellant $1,000.00 as medical and hospital expenses as the result of the injuries. The jury answered "none" to the special issues as to the damages and did not answer the issues as to future medical and hospital expenses. Appellant has perfected his appeal and brings forward one point of error.

By his point appellant says the trial court erred in failing to grant his motion for new trial because the damages that he recovered were inadequate. As a result of this point of error, we have carefully examined the statement of facts. There is much evidence that appellant suffered a back injury and was still suffering with severe pain in his legs. He was hospitalized on two occasions. There were two doctors who testified in the case and with the limited authority that 'they were permitted to testify by the trial court they both testified that there was something wrong with the appellant and that he was damaged by the accident in question. One of the doctors testified as follows:

"Q. Even though you couldn't find anything positive with him up until then except his complaints?

A. Oh, I found definite things positively wrong with him.

Q. Well, were your clinical findings sufficient to indicate nerve root involvement?

A. I found chronic and at times severe localized inflammation in certain muscles and ligamentus areas of his back. I did not find evidence of nerve root involvement, even though his symptoms were suspicious of it. That's why I did the first EMG. And then he gradually developed unequivocal evidence of nerve root involvement."

Special issue No. 8 that was submitted to the jury, along with the instructions, reads as follows:

"SPECIAL ISSUE NO. 8

"What sum of money, if any, if now paid in cash, do you find from a preponderance of the evidence would fairly

and reasonably compensate Plaintiff for his damages, if any, as were directly and proximately caused by the collision made the basis of this suit, taking into account the injuries sustained by him, if any, including the following elements, if any, as you may find to be established by a preponderance of the evidence and none other:

(a) Such physical pain, if any, as you find from a preponderance of the evidence Plaintiff has sustained from April 5, 1964, to the date of this trial, resulting from the injuries, if any, suffered by him as a direct result of the collision made the basis of this suit;

(b) Such mental anguish, if any, as you find from a preponderance of the evidence Plaintiff has sustained from April 5, 1964, to the date of this trial, resulting from the injuries, if any, suffered by him as a direct result of the collision made the basis of this suit;

(c) Such physical pain, if any, as you find from a preponderance of the evidence Plaintiff will in reasonable probability sustain in the future beyond this date, resulting from the injuries, if any, suffered by him as a direct result of the collision made the basis of this suit;

(d) Such mental anguish, if any, as you find from a preponderance of the evidence Plaintiff will in reasonable probability suffer in the future beyond this date, resulting from the injuries, if any, suffered by him as a direct result of the collision made the basis of this suit;

"Answer by stating the amount, if any, in dollars and cents."

To this issue the jury answered, "none".

There is a case that is direct in point which holds that a jury must award some damages for pain and suffering. Bolen v. Timmons, (CCA 1966) 407 S.W.2d 947, n. w. h., and the authorities cited therein.

The judgment of the trial court is reversed and the cause is remanded.