**Curtis Glenn HAMMOND, Appellant,**

v.

**The ESTATE OF Almeda Childress RIMMER, Deceased, Appellee.**

**No. 11–82–035–CV.**

Court of Appeals of Texas, Eastland.

Nov. 24, 1982.

Rehearing Denied Dec. 16, 1982.

alleged amounts of $5,000 past medical expenses, $1,000 future medical expenses, $31,600 past loss of earnings, $400,800 future loss of earnings, $1,572.74 property damage, $100,000 past pain and mental anguish, and $100,000 future pain and mental anguish. Following a trial by jury, judgment was rendered that plaintiff recover only $19,280.04. Plaintiff appeals, contending that the jury's answer of "none" as the amount due for future pain and mental anguish is against the great weight and preponderance of the evidence. We agree.

The verdict of the jury can be summarized as: (1) Defendant was negligent in her lookout and in failing to yield the right-of-way; (2) Plaintiff was negligent in driving his motorcycle at an excessive speed; (3) the negligence proximately causing the collision was attributable 80% to defendant and 20% to plaintiff; (4) the damages awarded by the jury were: Past pain and mental anguish: $5,000; *Future pain and mental anguish: None;* Past loss of earnings: $12,000; Future loss of earning capacity: $4,000; Medical and hospital treatment: $3,500.

The only point of error urged by plaintiff asserts: "The trial court committed reversible error in not granting appellant a new trial because the answer of 'none' as to damages for future pain and mental anguish is so against the great weight and preponderance of the testimony as to be manifestly wrong." In reviewing this point of error, we are guided by the rule formulated by Justice Keith's concurring opinion in *Dupree v. Blackmon,* 481 S.W.2d 216 at 221 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). That rule was quoted with approval by this court in *Kraatz v. Faubion,* 617 S.W.2d 277 at 279 (Tex.Civ.App.—Eastland 1981, no writ) as:

> If the plaintiff has objective symptoms of injury, i.e., a cut or laceration of his body as in this instance, and there is readily available testimony which the defendant could offer to refute such fact, plaintiff's evidence cannot be disregarded by the jury when the defendant fails to refute it.

John Weeks, Burke & Weeks Law Office, Inc., Abilene, for appellant.

Roger Glandon, Glandon, Erwin, Scarborough, Baker, Choate & Arnot, Davis Scarborough, Abilene, for appellee.

DICKENSON, Justice.

This is a personal injury case in which the jury answered "none" as the amount of damages due for future pain and mental anguish.

Plaintiff, Curtis Glenn Hammond, was riding his motorcycle on August 24, 1978. Defendant, Almeda Childress Rimmer, was driving her automobile. The vehicles collided, and plaintiff sued for damages in the

On the other hand, if plaintiff's complaints are subjective in nature, i.e., headaches, which the defendant may not readily dispute, then the negative answer of the jury to the damage issue will not be disturbed when it rests upon the testimony of plaintiff alone.

In this case, plaintiff's complaints are supported by medical testimony of objective diagnostic findings. Dr. Rexford K. Anderson, a neurologist, testified that he treated plaintiff while he was in the hospital as a result of the accident and that he re-examined plaintiff on May 1, 1981. (This re-examination was conducted after defendant filed a motion for physical examination.) At the time of the re-examination, plaintiff's toes were curled under; he had no ankle jerk reflexes; there was no response to the Babinski test; and sensation was decreased on pin prick tests to the soles of the feet, the buttocks, the genitalia and the scrotum. There was also a compression fracture of a vertebra. The diagnosis was post-traumatic nerve root damage to certain spinal nerves resulting in impairment of bowel and bladder sensation and function. The doctor testified: "the most probable thing is they will be permanent" and "there won't be any cure." On cross-examination, Dr. Anderson said the reflex tests, the Babinski test, and the pin prick tests were not subjective. The doctor said that the physical findings and the patient's complaints were compatible. Neither party introduced the hospital records. Neither party secured testimony from the orthopedic surgeon, the urologist or the psychiatrist who treated plaintiff.

The record also shows that plaintiff was taken from the scene of the accident to the hospital where he was placed in a full body cast and kept as a hospital patient for 29 days. The hospital bill shows charges of $2,922.75. Plaintiff and his "before and after" witnesses testified about his loss of bladder and bowel control and the problems it caused him. The curled under toes were exhibited to the jury during trial. This is one of the objective diagnostic findings described by the neurologist. It is obvious that mental anguish will result from the loss of bladder and bowel control.

It seems clear to us that the answer of "none" as the amount of damages due for future pain and mental anguish is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The judgment of the trial court is reversed, and the cause is remanded.