Mary WILLIAMSON and Jim Williamson, Appellants,

v.

M & E FOOD MART, INC., #2, d/b/a Market Basket Stores, Charles Gaudet and Randy Westbrook, Appellees.

No. 09-86-041 CV.

Court of Appeals of Texas, Beaumont.

June 4, 1987.

Rehearing Denied June 24, 1987.

Earl B. Stover, III, Silsbee, for appellants.

David B. Gaultney, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellees.

## OPINION

BURGESS, Justice.

Mary Williamson and husband, Jim, filed suit against M & E Food Mart, Inc., #2 and its employees Charles Gaudet and Randy Westbrook. Mrs. Williamson alleged she had been injured in an incident in the Market Basket Food Store in Kirbyville, Texas. She sought past and future damages for her injuries. Mr. Williamson sought damages for loss of consortium and household services. A jury found both Mrs. Williamson and Randy Westbrook negligent. They awarded medical expenses but no other damages. The trial court refused to submit jury issues on Mr. Williamson's damages. We reverse and remand as to both Williamsons.

We reverse as to Mrs. Williamson on her point of error that the jury's failure to award damages for physical pain and mental anguish in the past is so against the great weight and preponderance of the evidence as to be manifestly unfair, inadequate and unjust. The uncontroverted evidence was that Mrs. Williamson was shopping in the Market Basket Store and she was looking into a "cold cuts" bin buying bacon. Mrs. Williamson had parked her shopping cart near a door which led from a storage area to the customer produce area. Randy Westbrook came through the door pushing a cart loaded with produce. The door or Westbrook's cart hit Mrs. Williamson's cart, which hit her in the temple, knocking her onto the cooler and then onto the floor.

There was considerable quarrel about whether or not Mrs. Williamson was injured and the extent of those injuries. The Williamsons sought to prove that Mrs. Williamson suffered a back injury and produced evidence to that effect. The store sought to show that Mrs. Williamson had made several statements to the effect that she was "all right" and was not injured. Unbelievably, the jury was not asked directly whether or not Mrs. Williamson suffered an injury on the occasion in question. They were asked the damage issue in the following manner:

## SPECIAL ISSUE NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Mary Williamson for her injuries, if any, resulting from the occurrence in question?

You are to consider each element of damage separately, so as not to include damages for one element in any other element.

In Special Issue No. 6, do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition, if any, was aggravated by the injuries, if any, that resulted from the occurrence in question. Also, do not include any amount for any condition not resulting from the injuries, if any, that resulted from the occurrence in question.

Answer separately in dollars and cents, if any, with respect to each of the following elements:

(a) Reasonable expenses, if any, for necessary medical and hospital care received by Mary Williamson in the past for treatment of her injuries.

ANSWER: 1,276.08

All parties agree that language from the concurring opinion in *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) best sums up the law in this area. If a plaintiff has objective signs of injury, then the jury cannot simply disregard this and refuse to award damages. However, when a plaintiff only has subjective complaints, these can rightly be disregarded. *See Hulsey v. Drake*, 457 S.W.2d 453 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.). What the parties disagree on is whether or not there is objective evidence of an injury to Mrs. Williamson and what is the effect of the jury's answer to the medical expenses issue. It is

true that Mrs. Williamson's complaints as to her back pain are subjective. However, there was testimony from a third party who witnessed the "collision" and Mrs. Williamson's resulting fall onto the bin and the floor. Thus the evidence of Mrs. Williamson's suffering a fall is objective.

■ The jury's answer to the special issue on medical expenses is significant. It was phrased to require the jury to find that the expenses were for care received for *treatment of her injuries* (emphasis added). The jury arrived at this figure by accepting as true an exhibit admitted into evidence. This exhibit was a list of medical expenses with invoices and receipts attached. Included in this list was a receipt for a back brace. Mrs. Williamson's doctor testified he prescribed the back brace to relieve pain. It, therefore, is inconsistent to find that the medical expenses were for the treatment of her injuries and to also find she suffered no pain and mental anguish. It was reversible error for the jury to ignore these other elements of damage.

■ Further, the trial court erred on Mr. Williamson's cause of action because the evidence raised the loss of consortium and household services, and a proper issue was submitted and refused. *Southwestern Bell Telephone Co. v. Thomas*, 554 S.W.2d 672 (Tex.1977). A trial court may refuse to submit an issue only if there is no evidence to support it. *Kindred v. Con/Chem Inc.*, 650 S.W.2d 61 (Tex.1983). The following raised the issue:

Q. Did—in your marriage have you observed her activities after this accident?

A. Definitely.

Q. And have they changed?

A. Drastically.

Q. And could you describe some of those changes for the jury, please?

A. Well, she—of course she is not as active as she was, she has got pain a lot of the time, not every day but a lot of the times. Of course for a year she wore a back brace. She isn't able to always do her housework, my daughter has to pick up the slack, and I have to pick up quite a bit for myself now.

Q. Is she still interested in flowers?

A. Only from a mental standpoint—she is still interested in them but she is not able to fool with them.

Q. Does she have any adverse affect when she tries to do any of these activities?

A. Yes, she tried to rake the yard one time and it put her in bed about three days.

Q. Has your wife's injury affected your marital relationship that you all had?

A. Yes.

Q. How has it affected that?

A. Well, it is hard to be intimate if you have pain.

Q. Do you anticipate this will affect your marriage in the future?

A. Not to the point of considering somebody else but definitely it will affect a marriage.

Q. You don't anticipate you all breaking up do you?

A. Oh, no, no.

Q. But your marriage just doesn't have the same quality—

A. True, that's true.

Q. Prior to the accident did your wife, Mrs. Williamson, always had dinner on the table, is that correct?

A. Yes.

Q. And you always had a clean house?

A. Yes.

Q. And you have your daughter, Debra, who is in the house with you all?

A. Yes.

Q. Is she kind of talking [sic] up the slack?

A. Very much so.

Q. What are you going to do if Debra, you know, gets married and moves off, finds a teaching position somewhere and has to leave home?

A. We will have to have some help for her.

Q. Do you anticipate if Debra has to leave you will have to hire a maid or something?

A. Yes, uh-huh.

Q. Do you know how much that will cost?

A. Probably between twenty or twenty five dollars—I don't know.

Q. But that is your best estimate—

A. Yes.

Having found error on behalf of both appellants, it is unnecessary to address their other points of error. The judgment of the trial court is reversed and remanded for a new trial.

REVERSED AND REMANDED.