**Vera Caldwell WAGNER, Appellant,**

**v.**

**Ricky Joe TAYLOR, Appellee.**

**No. 06–93–00037–CV.**

Court of Appeals of Texas,
Texarkana.

Nov. 30, 1993.

Rehearing Denied Dec. 28, 1993.

Gregory P. Grajczyk, Harbour, Kenley, Boyland, Smith, Longview, for appellant.

Michael L. Dunn, Smead, Anderson, Wilcox & Dunn, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Vera Wagner sued Ricky Joe Taylor to recover damages for personal injuries she allegedly suffered when Taylor's van collided with the rear of her pickup truck. The jury found that the collision was Taylor's fault and awarded Wagner a total of $1,000.00 damages. Wagner appeals on a single point of error contending that the damage award is against the great weight and preponderance of the evidence.[1] We will affirm the judgment.

Wagner was stopped for a red light at an intersection in Longview. Taylor testified that he came up behind Wagner's truck and stopped. When he thought he saw Wagner move forward, he slowly proceeded forward and struck the rear bumper of Wagner's truck. Taylor and his stepson, who was with him in the van, both testified that the contact with Wagner's truck was only a slight bump, as the van moved only about three feet at a speed of no more than five miles per hour. Wagner contended that the contact caused a "severe jolt." Taylor's van was not damaged. The rear bumper on Wagner's pickup truck was bent. Wagner testified that the truck's frame was also knocked out of line, but Taylor disputed that. Pictures of Wagner's truck were introduced in evidence. The only visible damage shown by the picture is a bent bumper.

Wagner initially complained of neck pain. She was examined at the hospital emergency

---

1. Wagner's point states that the evidence is factually insufficient to support the jury's finding on the damage issue. Because Wagner had the burden of proof on that issue, the point is properly styled that the jury's answer to the damage issue is against the great weight and preponderance of the evidence.

room, but she was not admitted to the hospital. She later saw Dr. Jackson and Dr. Tibiletti. Their diagnoses and x-rays showed that Wagner had a small bulge of the disk at the L4–5 level. Wagner said, and the doctors confirmed, that she had suffered more or less constant back pain and limited back movement since the accident. Uncontradicted medical records showed that she had incurred $2,968.53 in medical expenses since the accident.

■ Wagner contends that, because it is undisputed that she incurred more than $1,000.00 in medical expenses and Dr. Tibiletti opined that her back pain and soreness probably resulted from the automobile accident, the finding by the jury of only $1,000.00 damage is against the great weight and preponderance of the evidence.

■ When there are objective symptoms or signs of injury that unquestionably were caused by a collision, a jury verdict of no damages or a verdict that awards less than the undisputed medical expenses caused by the accident is against the great weight and preponderance of the evidence. *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795 (1954); *Sansom v. Pizza Hut of East Texas, Inc.*, 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ); *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). But where the evidence is conflicting as to the severity of the collision and as to whether the plaintiff's injuries were caused by the accident or by some other fact, the jury may resolve the conflicts, accept one version of the evidence over another, and refuse to award damages. *Hilland v. Arnold*, 856 S.W.2d 240 (Tex.App.—Texarkana 1993, no writ); *Szmalec v. Madro*, 650 S.W.2d 514 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Likewise, in such a case, the jury may conclude that only part of the plaintiff's injuries and damages were caused by the collision and award damages accordingly. *Hogue v. Kroger*, No. 01–92–00015–CV, 1993 WL 232097 (Tex.App.—Houston [1st Dist.] July 1, 1993, n.w.h.); *Hilland v. Arnold, supra.*

In this case, the evidence is conflicting. Wagner had no objective signs of injury. Taylor and his son testified that the contact between the vehicles was only a slight bump occurring as their van rolled some three feet at a speed of no more than five miles per hour. While Dr. Tibiletti testified that she thought Wagner's back problems probably resulted from the collision, she also testified that, if the collision was as slight as described by Taylor and his son, it is unlikely that Wagner's back problems could have been caused by it. She testified that the usual injury from a rear-end collision such as was described in this case was neck strain rather than back problems, although she had seen some back problems resulting from similar collisions. She also testified that the problems Wagner had were common in persons of her age, sixty-five, and could be caused by the normal degeneration of the spine experienced by persons of that age. Additionally, Dr. Tibiletti testified that, according to two tests she gave, Wagner demonstrated a tendency to exaggerate her symptoms and to develop physical complaints from "outside stresses."

It is the jury's right to resolve conflicts in the evidence and to judge the credibility of the witnesses. It may believe all or any part of the testimony. From the evidence summarized above the jury could have concluded that the collision caused only the initial neck pain Wagner suffered and did not cause all or any of her back problems. The jury certainly could have found otherwise as well, but under the evidence it was not required to do so.

Taylor asks that we assess damages against Wagner for taking the appeal without sufficient cause and solely for delay. Tex. R.App.P. 84. We do not find that the appeal is without an arguable basis in fact or that it was taken for delay, and we therefore decline to assess damages.

For the reasons stated, the judgment of the trial court is affirmed.