Paula DAVIS, Appellant,

v.

Billy Ray DAVISON, d/b/a Davison's Conoco, Appellee.

No. 09–94–309 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 4, 1995.

Decided Aug. 31, 1995.

---

James R. Wilson, Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Curtis W. Leister, Tonahill, Hile, Leister & Jacobellis, Beaumont, Kevin Dutton, Jasper, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Paula Davis brought suit against Billy Ray Davison, d/b/a Davison's Conoco. Ms. Davis alleged she sustained an injury when burned by hot water. She alleged a Davison employee's negligence proximately caused her injury. Davison alleged the individual was not his employee, was not negligent and Ms. Davis was negligent. A jury found the individual was Davison's employee, acting in the scope of his employment and the employee and Ms. Davis were each 50 per cent negli-

gent. The jury was also asked to find "[w]hat sum of money, if paid now in cash, would fairly and reasonably compensate Paula Davis for her injuries, if any, that resulted from the occurrence in question." They were instructed to consider only past physical pain and mental anguish and past medical care. The jury returned its verdict with this question unanswered. The trial judge, after an unrecorded bench conference, approached the issue in this manner:

> The Court: Is that your answer to the Question No. 3?
>
> Presiding Juror: Yes, sir.
>
> The Court: In other words, no number in there?
>
> Presiding Juror: No, sir.
>
> The Court: I'm going to receive that as the jury's verdict as a answer of zero. Is that the intent of the jury?
>
> Presiding Juror: Right.
>
> The Court: Then I'm going to receive the verdict and order it file [sic] and excuse you from service in this case.

Ms. Davis alleges two points of error: Point of error one alleges "[t]he Trial Court erred in accepting the jury's non-answer to the damages question as an answer of 'zero' and in entering a take-nothing judgment thereon instead of returning the jury to its deliberations upon discovery of the non-answer to the damages question." Point of error two alleges "[t]he non-answer to the damages question was construed as an answer of 'zero' and is contrary to the overwhelming weight and preponderance of the evidence resulting in the verdict which is clearly wrong and unjust."

■ The first point has not been preserved for review. Ms. Davis did not object, at least on the record, to the incomplete verdict, nor did she request the jury redeliberate. This failure to object is fatal. *Fleet v. Fleet,* 711 S.W.2d 1, 3 (Tex.1986). This point is overruled.

The second point is the essence of the appeal, although it was not the essence of the

lawsuit.[1] Davison argues the jury was entitled to answer question three "zero" under either of two scenarios; Ms. Davis was not injured or she suffered no damages. Insofar as her injury is concerned, Ms. Davis testified she got burned on her neck. Medical records were introduced, without objection, which stated: "PE: 4 × 6 area of redness, right side of neck" and "Imp: 1st and 2nd Degree Burns, Right Side of Neck." In cross examination of Ms. Davis the following exchange occurred:

Q I believe you had—was it first and second degree burns, is that what the hospital said?

A Yeah, that was it.

Q Do you remember stating that you had third—telling—telling my office that you'd had third degree burns?

A Yes.

Q Okay. Why did you tell us third degree burns?

A Well, I thought that's what they said.

Q Okay, So then later you—you learned that it was just first and second degree?

A Yes, sir.

Davison's counsel, in jury argument stated: "Mrs. Davis got burned. She's got medical records where she was treated for a burn."

■ Bills from the Newton County Hospital and McDuffie's Pharmacy were introduced without objection. Davison now argues these are not competent evidence because they were not offered with a proper affidavit and there is no evidence they were reasonable and necessary. However, Davison made no objection to the evidence nor to the jury question upon this ground. He cannot now complain on appeal. Davison's counsel, in jury argument stated: "Ladies and gentlemen, on the damages, there's no doubt she incurred her medical bills of $113."

■ Since *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), *see also Williamson v. M & E Food Mart, Inc.*, No. 2, 731 S.W.2d 740, 741 (Tex.App.—Beaumont 1987), *remanded for settlement*, 742 S.W.2d 276 (Tex.1987);

*Bazzano v. Ware*, 530 S.W.2d 650, 651 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r.e.), this court has consistently held that jury findings of "no injury" or "0" damages are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust when there is objective evidence of an injury. Although the physician did not testify his medical records clearly show objective signs of a burn on Ms. Davis' neck plus notations as to the severity of the burns. While Mr. Davison testified he was unaware of Ms. Davis' burns, he agreed she was at his station around six-thirty or seven p.m. and there was hot steam or water coming from the vehicle. The medical records indicate Ms. Davis arrived at the emergency room at seven thirty that evening. There is no evidence she sustained the burns at any time or place other than Mr. Davison's service station. Furthermore, the time sequence is consistent with Ms. Davis' receiving the burns from the hot steam or water at Mr. Davison's station.

The burn injury is based on objective findings by the emergency room physician as well as Ms. Davis' subjective description of pain. Davison produced no expert medical testimony to controvert the treating doctors' objective findings of injury to the neck. All of the evidence in the record regarding the period of time following the accident was that Ms. Davis had burned her neck. The injury was supported by objective medical findings. There is no explanation for this injury other than that it was the result of the hot steam or water. Although the injury was not permanent, there was an injury that resulted in pain and medical expense. The jury's failure to find any damages is contrary to the overwhelming weight and preponderance of the evidence.

Point of error two is sustained. The judgment of the trial court is reversed and remanded for new trial.

REVERSED AND REMANDED.

STOVER, Justice, concurring.

I concur with the majority. Although this case does not involve unique issues of law, it

---

1. Davison's main thrust was whether the individual was an independent contractor or any employee. The secondary issue was the comparative negligence.

does present the recurring problem arising from a jury verdict of liability coupled with an award of $0 damages.

The "zero damages rule" is one method which Texas courts have employed to review a jury's finding of no damages. *Hammond v. Estate of Rimmer,* 643 S.W.2d 222, 223 (Tex.App.—Eastland 1982, writ ref'd n.r.e.). When applied in the strictest sense, it simply means that in cases involving unliquidated damages, the jury *must* award something for every element of damage proved, or else the case will be remanded for a new trial. *See* R. Gonzalez and R. Gilbreath, *Appellate Review of a Jury's Finding of "Zero Damages,"* 54 TEX.B.J. 418 (1991). The "zero damages rule" has been most often applied in situations where a jury finds a defendant negligent, awards the plaintiff some elements of damage, such as medical expenses and past pain and mental anguish, but fails to award any damages for future pain and mental anguish. In those instances, some courts have held that the jury must award something for every element of damages. *Taylor v. Head,* 414 S.W.2d 542 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.); *Bolen v. Timmons,* 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966, no writ).

The strict application of the "zero damages rule" is, however, inconsistent with the standard of review articulated by the Texas Supreme Court in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). *Appellate Review,* 54 TEX.B.J. at 420. Under the *Pool* standard, an appellate court must consider and weigh all of the evidence in the case, both the evidence that tends to support the existence of a vital fact and evidence that tends to disprove its existence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Reversal is authorized only if the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

In reviewing a case under a strict construction of the "zero damages rule," however, an appellate court must reverse the judgment of the trial court in the event that the jury finds both liability and $0 damages. In contrast, a review of a case under the *Pool* standard does not preclude affirmance of a judgment under that same scenario. Unlike the "zero damages rule," the *Pool* standard is not inflexible; it allows the jury to weigh the evidence in arriving at a decision about liability and damages.

Recent appellate court decisions in cases dealing with $0 damages have applied the *Pool* standard with differing results. Disparate results have occurred, not because of differing interpretations of the *Pool* standard, but because of different types of evidence presented to the jury. In some cases, there is objective, uncontroverted evidence of injury. In others, the only evidence presented to the jury regarding the injury is subjective. In still other cases, the jury is asked to consider both objective and subjective evidence regarding the injury. Regardless of the type of evidence presented, however, each case must be reviewed on an individual basis. Rather than an analysis based on the "zero damages rule", each case should be reviewed under the *Pool* standard in order to ascertain whether the jury finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

In one group of cases, the jury was presented with both objective and subjective evidence of injury. In *Srite v. Owens–Illinois, Inc.,* 870 S.W.2d 556, 559 (Tex.App.—Houston [1st Dist.] 1993), *rev'd on other grounds,* 897 S.W.2d 765 (Tex.1995), the court of appeals upheld the jury's $0 damages finding, because, although objective evidence of the injury was present, the plaintiffs' testimony, for the most part, concerned subjective indicia of their injuries. 870 S.W.2d at 563. With the preponderance of the evidence of injury being subjective, the jury could conclude that an award of $0 damages was warranted. Moreover, the testimony from plaintiffs' experts regarding the cause and extent of impairment was contradicted in many respects by the testimony of defendants' experts. The appellate court concluded that the jury's finding of $0 for past damages was not so against the great weight and preponderance of the evidence as to be manifestly unjust.

The court of appeals in *Srite* departed from the standard articulated by Justice Keith in his concurring opinion in *Dupree v.*

*Blackmon,* 481 S.W.2d 216, 220–221 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.). There Justice Keith applied a variation of the "zero damages rule" by finding that the existence of *objective* evidence of injury necessitates a jury finding of damages. The concept of the preponderance of subjective evidence over objective evidence or the existence of evidence controverting or conflicting with objective evidence of injury was not considered or at issue in that case. Those principles have been advanced in later cases such as *Srite.*

As in *Srite,* the jury in *Pilkington v. Kornell,* 822 S.W.2d 223 (Tex.App.—Dallas 1991, writ denied), was presented with conflicting evidence regarding damages. Although the jury did award Pilkington some past and future medical expenses, it did not award any damages for past and future pain, suffering and mental anguish, lost earning capacity, or physical impairment. The appellate court found the evidence regarding those elements of damage to be conflicting. Faced with conflicting evidence, the jury may believe one witness and disbelieve others. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 549 (1962). Finding that the jury in *Pilkington* was not convinced by a preponderance of the evidence to award compensation for the pain and suffering elements of damage, the Dallas court concluded that the jury finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. 822 S.W.2d at 224.

Courts have reached a different conclusion, however, where there is uncontroverted, objective evidence of injury. In that instance, a jury award of $0 damages is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Monroe v. Grider,* 884 S.W.2d 811 (Tex.App.—Dallas 1994, writ denied); *Wagner v. Taylor,* 867 S.W.2d 404 (Tex.App.—Texarkana 1993, no writ) (evidence held to be conflicting); *Hammett v. Zimmerman,* 804 S.W.2d 663, 665 (Tex.App.—Fort Worth 1991, no writ).

In contrast to the holdings described above, there are those instances, particularly in soft tissue injury cases, where the evidence of plaintiff's injury is purely subjective. Given that circumstance, a jury may deny an award of damages. *Monroe v. Grider,* 884 S.W.2d at 820; *Srite,* 870 S.W.2d at 559; *Hyler v. Boytor,* 823 S.W.2d 425, 427–428 (Tex.App.—Houston [1st Dist.] 1992, no writ). Under *Pool,* such a finding would not be so against the great weight and preponderance of the evidence as to be manifestly unjust.

The instant case falls within the category of objective, uncontroverted evidence of injury. As the majority notes, Ms. Davis' injury was established by medical records, medical bills, and her own testimony. This objective evidence was uncontroverted. In applying the *Pool* standard set out above, it is apparent that the jury finding of $0 damages is so against the great weight and preponderance of the evidence as to be manifestly unjust.

One may pose the question as to how the jury could make a finding which is against the great weight and preponderance of the evidence—particularly in those cases where there is uncontroverted evidence of injury. The problem lies, at least in part, with the questions submitted to the jury.

In the instant case, it would come as no surprise if the jury members were confused as to what Question No. 3 in the charge actually meant. As submitted by the court to the jury, Questions Nos. 1 and 3 conform to 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 4.01B, 7.02B (1987); those questions are set out below without the accompanying instructions:

QUESTION ___1___

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?
Answer "Yes" or "No" for each of the following:
(a) Stephen Darrel McMillian    _____
(b) Paula Davis    _____

QUESTION ___3___

What sum of money, if paid now in cash, would fairly and reasonably compensate Paula Davis for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

(a) Physical pain and mental anguish.

(b) Medical care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Paula Davis.

Answer in dollars and cents for damages, if any, that were sustained in the past.

Answer: $_____

(emphasis added)

As worded, Question No. 3 appears to give the jury the option of finding no damages even in a case where the injury is uncontroverted and where the jury has already found liability on the part of Davison in Question No. 1. In answering Question No. 3, the jury may have concluded that the injury was not serious and that the plaintiff suffered no permanent disability. Whatever the reason for its answer of $0 damages to Question No. 3, the jury was unaware of the rule that it must award something in damages if there is uncontroverted, objective evidence of injury. Having the option of $0 damages available to it, by virtue of the "if any" phrasing in Question No. 3, the jury took that option—even when it was incorrect to do so. Thus arises the anomalous situation where the jury is given an option in Question No. 3 to award nothing in damages, but where, in reality, no such option exists.

In those situations where the issue of injury is proven by objective evidence and is uncontroverted, one solution to the problem would be to substitute the term "injury" for the term "occurrence" used in Question No. 1 and to omit the "if any" phrases in Question No. 3. In that instance, a finding of "yes" as to Question No. 1 would obviate the necessity of the use of the qualifying phrase "if any" in Question No. 3. In answering Question No. 3, the jury would not then assume it had the option of awarding $0 damages.

The problem associated with the wording of jury questions and the answer of $0 damages has been recently discussed in *Upjohn Co. v. Freeman*, 885 S.W.2d 538 (Tex.App.—Dallas 1994, writ denied). There, the Dallas court concluded that when the term "occurrence," rather than "injury," is used in the liability question (Question No. 1), then the injury issue is not covered in Question No. 1. Instead, the injury issue is subsumed under the damages question in Question No. 3. In other words, Question No. 3 contains a dual submission of both injury and damages. Consequently, according to the Dallas court, when the jury in *Upjohn* found $0 damages in answer to Question No. 3, it was also finding at the same time that there was no injury.

In contrast, the dissent in *Upjohn* concludes that the terms "injury" and "occurrence" when used in Question No. 1 are interchangeable; the dissent finds no difference (except in special cases) between occurrence-causing liability and injury-causing liability. Thus, according to the dissent in *Upjohn*, by finding negligence in Question No. 1, the jury is also finding injury.

Regardless of where one finds the injury issue to be located, whether impliedly found in Question No. 1 or subsumed under Question No. 3, the problem of submitting unclear questions to the jury remains. To alleviate the problem associated with jury findings of $0 damages, noted both in *Upjohn* and in this case, I would suggest the solution described above in those cases where the evidence of injury is uncontroverted.

Given the existence of uncontroverted, objective evidence of Ms. Davis' injury in the instant case, and the inherent confusion of the wording in jury Question No. 3, I concur with the majority that the judgment must be reversed and the cause remanded for a new trial.