NO. 07-03-0247-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 28, 2003



______________________________



ROSA ELENA RAMOS, APPELLANT



V.



HIEN JOHN LUU, APPELLEE



_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,589-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Rosa Elena Ramos has filed an Unopposed Motion for Dismissal, stating
that the matters in controversy have been settled and requesting that this appeal be
dismissed.

 No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our 

mandate will issue forthwith. Tex. R. App. P. 42.1. All costs herein having been paid, no
order pertaining to the costs is made. 


 James T. Campbell

 Justice


















to the emergency room complaining of headaches and neck pain. After an examination
and x-rays, the emergency room physician concluded that he was suffering from a head
contusion and neck strain. On September 5, Rodriguez followed up with his primary care
physician, Dr. Howard Johnson. Dr. Johnson concurred with the initial diagnosis and
prescribed muscle relaxants for his neck. He then released Rodriguez to resume his
normal activities. 

 Four days later, Rodriguez returned to the doctor complaining of numbness and
tingling in his left arm. This time, Dr. Johnson ordered an MRI of Rodriguez's cervical
spine. The MRI results revealed signs of degenerative disk disease and a herniated disk
asserting pressure on the nerves in his neck. Based on the MRI, Dr. Johnson referred
Rodriguez to Dr. Luiz Cesar, a neurosurgeon in Amarillo. Dr. Cesar reviewed the MRI
results on October 8, 2003. He immediately confirmed the disk herniation and observed
other signs of "chronic wear and tear." He also observed narrowing in the spinal canal. To
alleviate Rodriguez's problems, he recommended surgery to repair the herniated disk and
alleviate the compression on the spinal cord. The surgery was performed on November
3, and Rodriguez was discharged three days later. Despite the surgery, Rodriguez was
left with a permanent decrease in mobility in his neck. 

 Rodriguez subsequently sued BFI for negligence alleging that it failed to maintain
or repair the dumpster lid and failed to warn him of a potentially dangerous situation. At
the conclusion of the evidence, the jury attributed both parties 50 percent of the negligence
and awarded a total of $20,000 for lost wages. The jury awarded zero damages for past
and future physical pain and mental anguish, past and future medical care, and future lost
wages. (2) Following a judgment on the verdict, the trial court denied Rodriguez's motion for
new trial and Rodriguez filed this appeal.

 By his issues, Rodriguez claims that the jury erroneously disregarded the objective
evidence of his injuries and the uncontroverted testimony that he experienced pain as a
result thereof. He also claims the jury erred by disregarding the evidence of medical
expenses attributable to the accident in question. Therefore, Rodriguez maintains that the
jury's failure to award him damages for physical pain, mental anguish, and medical
expenses was against the great weight and preponderance of the evidence. We disagree.

Standard of Review


 A party attacking the sufficiency of an adverse jury finding on which it had the
burden of proof must demonstrate that the finding was against the great weight and
preponderance of the evidence. Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). We must consider and
weigh all of the evidence, not just the evidence which supports the verdict. Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). At the same time, we must
be cognizant of the fact that the jury is the sole judge of the credibility of witnesses and the
weight to be given their testimony. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d
757, 761 (Tex. 2003). We may set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). 


Analysis


 Reviewing the evidence in the present case, the record clearly reflects that
Rodriguez suffered some injury when he was struck by the dumpster lid. There is
conflicting evidence, however, as to whether this injury resulted in the damages sought at
trial because Rodriguez did not attempt to marshal his evidence or his arguments in such
a way as to differentiate damages resulting from this injury and damages resulting from a
preexisting condition. The emergency room records indicate that Rodriguez suffered a
head contusion and neck strain. This diagnosis was confirmed by Dr. Johnson. But when
Rodriguez complained of numbness and tingling in his left arm, an MRI revealed multiple
signs of degenerative disk disease in addition to a herniated disk. Both Dr. Johnson and
Dr. Cesar testified that such degenerative changes occur naturally over time as part of the
aging process. (3) Both also stated that without having examined Rodriguez prior to the
injury, there was no way of ascertaining whether the herniated disk was caused by the
impact of the dumpster lid, although such an injury was conceivable. Dr. Cesar also
remarked that the narrowing of Rodriguez's spinal canal was probably "of congenital
nature."

 There is also evidence that Rodriguez had previously sought medical treatment for
complications similar to those alleged to have been caused by the falling dumpster lid. Dr.
Johnson testified that Rodriguez had come to his office prior to September 2003
complaining of pain in his right shoulder and numbness in his hand. Rodriguez was
subsequently diagnosed with osteoarthritis. Dr. Johnson also testified, and Rodriguez
acknowledged, that he occasionally suffered from bouts of back pain, sleep apnea,
dizziness, and headaches. Rodriguez, however, claims that none of these ailments
prevented him from performing his employment duties, and he was never restricted from
working. 

"Zero Damages Rule"


 To further support his position, Rodriguez implicitly asks us to invoke the legal
principle commonly referred to as the "zero damages rule." This "rule" provides that when
there is objective evidence of an injury, a jury's failure to award some monetary amount for
each element of damages proved is per se against the great weight and preponderance
of the evidence. (4) See generally W. Wendell Hall, Standards of Review in Texas, 38 St.
Mary's L.J. 217, 217-18 (2006). However, this rule, and its various applications, has been
repeatedly criticized for being inconsistent with the standard of review articulated in Pool,
715 S.W.2d at 635. See, e.g., Golden Eagle Archery, 116 S.W.3d at 777 (O'Neill, J.,
concurring) (suggesting that the Court should "expressly disavow it"); Davis v. Davison, 905
S.W.2d 789, 792 (Tex.App.-Beaumont 1995, no writ) (Stover, J., concurring); Srite v.
Owens-Illinois, Inc., 870 S.W.2d 556, 558 (Tex.App.-Houston [1st Dist.] 1993), rev'd in part
on other grounds, 897 S.W.2d 765 (Tex. 1995). Consequently, strict application of the rule
has been disavowed or expressly rejected by a majority of the intermediate appellate
courts, including this Court. E.g., McDonald v. Dankworth, 212 S.W.3d 336, 349
(Tex.App.-Austin 2006, no pet.); Gonzalez v. Wal-Mart Stores, Inc., 143 S.W.3d 118, 124
(Tex.App.-San Antonio 2004, no pet.); Dunn v. Bank-Tec South, 134 S.W.3d 315, 325-26
(Tex.App.-Amarillo 2003, no pet.); Perez v. Lopez, 74 S.W.3d 60, 65 (Tex.App.-El Paso
2002, no pet.); Waltrip v. Bilbon Corp., 38 S.W.3d 873, 880 n.2 (Tex.App.-Beaumont 2001,
pet. denied); Water Doctors Intern., Inc. v. Lux, 957 S.W.2d 869, 870 n.1 (Tex.App.-Tyler
1997, no pet.); Pilkington v. Kornell, 822 S.W.2d 223, 225 (Tex.App.-Dallas 1991, writ
denied). Despite Rodriguez's contentions, the relevant inquiry remains simply whether the
verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and
manifestly unjust. See Golden Eagle Archery, 116 S.W.3d at 761. 

Conclusion 


 Here, although there is objective evidence of injury, the jury simply may not have
believed that Rodriguez's pain and suffering were due to the occurrence in question, but
were instead due to his preexisting condition. As previously stated, the jury is the sole
judge of the credibility of the witnesses and it is within its province to weigh the evidence
and resolve any conflicts. The jury heard testimony from multiple witnesses and it was its
function to accept or reject any, part, or all of the witnesses' testimony and the evidence. 
See McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). Considering that neither
doctor could testify to a sole cause of Rodriguez's neck injury, we cannot say that the jury's
failure to award damages for physical pain and mental anguish was so contrary to the great
weight and preponderance of the evidence as to be manifestly unjust. The same analysis
applies to the jury's failure to award damages for past medical expenses. Therefore,
Rodriguez's issues are overruled.

 Accordingly, the trial court's judgment is affirmed.



 Patrick A. Pirtle

 Justice

1. Originally, Rodriguez sued Browning-Ferris Industries, Inc. and Browning-Ferris
Services, Inc., a/k/a BFI, Inc. In the Original Answer and the Amended Original Answer
the defendant pointed out that the proper defendant was BFI Waste Services of Texas,
L.P. Thereafter, Rodriguez amended his petition to name BFI Waste Services of Texas,
L.P. as the only defendant. Despite requesting that the case be re-styled, Rodriguez never
obtained an order from the trial court granting that request. As a consequence, the
incorrect style of the case has remained. The trial court clerk, the notice of appeal, and the
Clerk of this Court have each carried the style of the case as noted hereinabove.
2. In relevant part, the charge read as follows:


 Question Three


 What sum of money, if paid now in cash would fairly and reasonably
compensate Arturo Rodriguez for his injuries, if any, that resulted from the
occurrence in question?


 Consider the elements of damages listed below and none other. Consider
each element separately. Do not include damages for one element and (sic)
any other element. Do not include interest on any amount of damages you
may find.


 Do not reduce the amounts, if any, in your answers because of the
negligence, if any, of Arturo Rodriguez.


 Answer separately, in dollars and cents, for damages, if any.

 a. Physical pain and mental anguish sustained in the past.

 ANSWER: 0 


 b. Physical pain and mental anguish that, in reasonable
probability, Arturo Rodriguez will sustain in the future.

 ANSWER: 0 


 c. Medical care in the past.

 ANSWER: 0 


 d. Medical care that, in reasonable probability, Arturo Rodriguez
will sustain in the future.

 ANSWER: 0 


 e. Lost wages sustained in the past.

 ANSWER: $20,000 


 f. Future wages that, in reasonable probability, Arturo Rodriguez
will sustain in the future.

 ANSWER: 0 
3. Dr. Cesar's testimony at trial was by video deposition. 
4. The "zero damages rule" is not a rule of damages. Rather, it is a common name
for a challenge to negative jury findings as to damages based on the great weight and
preponderance of the evidence. Perez v. Lopez, 74 S.W.3d 60, 65 n. 1 (Tex.App.-El Paso
2002, no pet.); Estrada v. Dillon, 23 S.W.3d 422, 426 (Tex.App.-Amarillo 2000), reversed
in part on other grounds, 44 S.W.3d 558 (Tex. 2001).