NO. 07-06-0368-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 24, 2007

_____

ARTURO RODRIGUEZ, APPELLANT

V.

BROWNING-FERRIS INDUSTRIES, INC.,
BROWNING-FERRIS SERVICES, INC., A/K/A BFI, INC., APPELLEES

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI-05H-109; HONORABLE ROLAND SAUL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Arturo Rodriguez, appeals the judgment entered in this cause following

a jury verdict rendered against Appellee, BFI Waste Services of Texas, L.P. (hereinafter

"BFI"),[1] for personal injuries. A jury found both parties were equally negligent in causing Rodriguez's injuries and awarded Rodriguez $20,000 for lost wages, but nothing for physical pain, mental anguish, or medical expenses. Presenting two issues, Rodriguez contends the jury's failure to award damages for (1) physical pain, mental anguish, and (2) medical expenses was against the great weight and preponderance of the evidence. We affirm.

## Background Facts

Rodriguez was injured on September 2, 2003, when a lid on a dumpster owned by BFI struck him in the head as he was emptying trash. The following day, Rodriguez went to the emergency room complaining of headaches and neck pain. After an examination and x-rays, the emergency room physician concluded that he was suffering from a head contusion and neck strain. On September 5, Rodriguez followed up with his primary care physician, Dr. Howard Johnson. Dr. Johnson concurred with the initial diagnosis and prescribed muscle relaxants for his neck. He then released Rodriguez to resume his normal activities.

---

[1]Originally, Rodriguez sued Browning-Ferris Industries, Inc. and Browning-Ferris Services, Inc., a/k/a BFI, Inc. In the *Original Answer* and the *Amended Original Answer* the defendant pointed out that the proper defendant was BFI Waste Services of Texas, L.P. Thereafter, Rodriguez amended his petition to name BFI Waste Services of Texas, L.P. as the only defendant. Despite requesting that the case be re-styled, Rodriguez never obtained an order from the trial court granting that request. As a consequence, the incorrect style of the case has remained. The trial court clerk, the notice of appeal, and the Clerk of this Court have each carried the style of the case as noted hereinabove.

2

Four days later, Rodriguez returned to the doctor complaining of numbness and tingling in his left arm. This time, Dr. Johnson ordered an MRI of Rodriguez's cervical spine. The MRI results revealed signs of degenerative disk disease and a herniated disk asserting pressure on the nerves in his neck. Based on the MRI, Dr. Johnson referred Rodriguez to Dr. Luiz Cesar, a neurosurgeon in Amarillo. Dr. Cesar reviewed the MRI results on October 8, 2003. He immediately confirmed the disk herniation and observed other signs of "chronic wear and tear." He also observed narrowing in the spinal canal. To alleviate Rodriguez's problems, he recommended surgery to repair the herniated disk and alleviate the compression on the spinal cord. The surgery was performed on November 3, and Rodriguez was discharged three days later. Despite the surgery, Rodriguez was left with a permanent decrease in mobility in his neck.

Rodriguez subsequently sued BFI for negligence alleging that it failed to maintain or repair the dumpster lid and failed to warn him of a potentially dangerous situation. At the conclusion of the evidence, the jury attributed both parties 50 percent of the negligence and awarded a total of $20,000 for lost wages. The jury awarded zero damages for past and future physical pain and mental anguish, past and future medical care, and future lost

wages.[2] Following a judgment on the verdict, the trial court denied Rodriguez's motion for

new trial and Rodriguez filed this appeal.

---

[2]In relevant part, the charge read as follows:

Question Three

What sum of money, if paid now in cash would fairly and reasonably compensate Arturo Rodriguez for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element and (sic) any other element. Do not include interest on any amount of damages you may find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Arturo Rodriguez.

Answer separately, in dollars and cents, for damages, if any.

a. Physical pain and mental anguish sustained in the past.
ANSWER: __0__

b. Physical pain and mental anguish that, in reasonable probability, Arturo Rodriguez will sustain in the future.
ANSWER: __0__

c. Medical care in the past.
ANSWER: __0__

d. Medical care that, in reasonable probability, Arturo Rodriguez will sustain in the future.
ANSWER: __0__

e. Lost wages sustained in the past.
ANSWER: __$20,000__

f. Future wages that, in reasonable probability, Arturo Rodriguez will sustain in the future.
ANSWER: __0__

4

By his issues, Rodriguez claims that the jury erroneously disregarded the objective evidence of his injuries and the uncontroverted testimony that he experienced pain as a result thereof. He also claims the jury erred by disregarding the evidence of medical expenses attributable to the accident in question. Therefore, Rodriguez maintains that the jury's failure to award him damages for physical pain, mental anguish, and medical expenses was against the great weight and preponderance of the evidence. We disagree.

### Standard of Review

A party attacking the sufficiency of an adverse jury finding on which it had the burden of proof must demonstrate that the finding was against the great weight and preponderance of the evidence. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986). We must consider and weigh all of the evidence, not just the evidence which supports the verdict. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). At the same time, we must be cognizant of the fact that the jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## Analysis

Reviewing the evidence in the present case, the record clearly reflects that Rodriguez suffered some injury when he was struck by the dumpster lid. There is conflicting evidence, however, as to whether this injury resulted in the damages sought at trial because Rodriguez did not attempt to marshal his evidence or his arguments in such a way as to differentiate damages resulting from this injury and damages resulting from a preexisting condition. The emergency room records indicate that Rodriguez suffered a head contusion and neck strain. This diagnosis was confirmed by Dr. Johnson. But when Rodriguez complained of numbness and tingling in his left arm, an MRI revealed multiple signs of degenerative disk disease in addition to a herniated disk. Both Dr. Johnson and Dr. Cesar testified that such degenerative changes occur naturally over time as part of the aging process.[3] Both also stated that without having examined Rodriguez prior to the injury, there was no way of ascertaining whether the herniated disk was caused by the impact of the dumpster lid, although such an injury was conceivable. Dr. Cesar also remarked that the narrowing of Rodriguez's spinal canal was probably "of congenital nature."

There is also evidence that Rodriguez had previously sought medical treatment for complications similar to those alleged to have been caused by the falling dumpster lid. Dr. Johnson testified that Rodriguez had come to his office prior to September 2003

---

[3]Dr. Cesar's testimony at trial was by video deposition.

6

complaining of pain in his right shoulder and numbness in his hand. Rodriguez was subsequently diagnosed with osteoarthritis. Dr. Johnson also testified, and Rodriguez acknowledged, that he occasionally suffered from bouts of back pain, sleep apnea, dizziness, and headaches. Rodriguez, however, claims that none of these ailments prevented him from performing his employment duties, and he was never restricted from working.

## "Zero Damages Rule"

To further support his position, Rodriguez implicitly asks us to invoke the legal principle commonly referred to as the "zero damages rule." This "rule" provides that when there is objective evidence of an injury, a jury's failure to award some monetary amount for each element of damages proved is per se against the great weight and preponderance of the evidence.[4] *See generally* W. Wendell Hall, *Standards of Review in Texas,* 38 St. Mary's L.J. 217, 217-18 (2006). However, this rule, and its various applications, has been repeatedly criticized for being inconsistent with the standard of review articulated in *Pool,* 715 S.W.2d at 635. *See, e.g., Golden Eagle Archery,* 116 S.W.3d at 777 (O'Neill, J., concurring) (suggesting that the Court should "expressly disavow it"); *Davis v. Davison*, 905 S.W.2d 789, 792 (Tex.App.–Beaumont 1995, no writ) (Stover, J., concurring); *Srite v.*

---

[4]The "zero damages rule" is not a rule of damages. Rather, it is a common name for a challenge to negative jury findings as to damages based on the great weight and preponderance of the evidence. *Perez v. Lopez*, 74 S.W.3d 60, 65 n. 1 (Tex.App.–El Paso 2002, no pet.); *Estrada v. Dillon*, 23 S.W.3d 422, 426 (Tex.App.–Amarillo 2000), *reversed in part on other grounds,* 44 S.W.3d 558 (Tex. 2001).

*Owens-Illinois, Inc.*, 870 S.W.2d 556, 558 (Tex.App.–Houston [1st Dist.] 1993), *rev'd in part on other grounds,* 897 S.W.2d 765 (Tex. 1995). Consequently, strict application of the rule has been disavowed or expressly rejected by a majority of the intermediate appellate courts, including this Court. *E.g., McDonald v. Dankworth*, 212 S.W.3d 336, 349 (Tex.App.–Austin 2006, no pet.); *Gonzalez v. Wal-Mart Stores, Inc.*, 143 S.W.3d 118, 124 (Tex.App.–San Antonio 2004, no pet.); *Dunn v. Bank-Tec South*, 134 S.W.3d 315, 325-26 (Tex.App.–Amarillo 2003, no pet.); *Perez v. Lopez*, 74 S.W.3d 60, 65 (Tex.App.–El Paso 2002, no pet.); *Waltrip v. Bilbon Corp.*, 38 S.W.3d 873, 880 n.2 (Tex.App.–Beaumont 2001, pet. denied); *Water Doctors Intern., Inc. v. Lux*, 957 S.W.2d 869, 870 n.1 (Tex.App.–Tyler 1997, no pet.); *Pilkington v. Kornell*, 822 S.W.2d 223, 225 (Tex.App.–Dallas 1991, writ denied). Despite Rodriguez's contentions, the relevant inquiry remains simply whether the verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *See Golden Eagle Archery,* 116 S.W.3d at 761.

## Conclusion

Here, although there is objective evidence of injury, the jury simply may not have believed that Rodriguez's pain and suffering were due to the occurrence in question, but were instead due to his preexisting condition. As previously stated, the jury is the sole judge of the credibility of the witnesses and it is within its province to weigh the evidence and resolve any conflicts. The jury heard testimony from multiple witnesses and it was its function to accept or reject any, part, or all of the witnesses' testimony and the evidence.

8

*See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). Considering that neither doctor could testify to a sole cause of Rodriguez's neck injury, we cannot say that the jury's failure to award damages for physical pain and mental anguish was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. The same analysis applies to the jury's failure to award damages for past medical expenses. Therefore, Rodriguez's issues are overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice